## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

2007 OCT 19  P 5: 04

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

|  |  |
|---|---|
| THE UNIVERSITY OF<br>NORTHERN  VIRGINIA, INC.<br>10021 Balls Ford Road<br>Manassas, Virginia  20109 | ) ) ) ) ) |
| Plaintiff<br><br>v. | ) ) ) ) |
| ACCREDITING COUNCIL FOR<br>INDEPENDENT COLLEGES AND<br>SCHOOLS | ) ) ) ) |
| Defendant. | ) ) ) |
| Serve:<br>Kenneth J. Ingram<br>Registered Agent<br>3190 Fairview Park Drive, Suite 300<br>Falls Church, Virginia 22042 | ) ) ) ) ) |

Civil Action No. *1:07cv1057*

## VERIFIED COMPLAINT

The University of Northern Virginia, Inc. ("UNVA"), by counsel, files this verified

complaint against the Accrediting Council for Independent Colleges and Schools ("ACICS") and

alleges as follows.

### Introduction

This action seeks legal redress for a long history of arbitrary and unfair activity by an

educational accrediting organization toward one of its members.  A series of arbitrary and unfair

actions by the accrediting organization culminated in the denial of reaccreditation for UNVA, a

Virginia-based educational institution, by letter dated August 7, 2007.  This action seeks

1

monetary damages for several discrete and independent breaches of duties owed by ACICS to

UNVA over a four-year period. This action also seeks declaratory and injunctive relief to

reverse the accrediting organization's decision to deny accreditation dated August 7, 2007.

## The Parties

1.      UNVA is a Virginia corporation, with its principal place of business and main

campus located at 10021 Balls Ford Road, Manassas, Virginia 20109. UNVA is licensed by the

State Council of Higher Education for Virginia to operate a private educational institution.

UNVA offers Bachelor of Science degrees in Business Administration, and Information

Technology, and Master degrees in Business Administration, Accountancy, Computer Science,

and Education. It also offers a Doctorate degree in Business Administration. UNVA has over

1,200 students at five different campuses, located in Virginia, Prague, London, Hong Kong, and

North Cyprus.

2.      ACICS is a Virginia non-stock corporation, with its principal place of business at

750 First Street, NE, Suite 980, Washington D.C. It is a national accreditor of institutions of

higher learning, recognized by the United States Department of Education and the Council for

Higher Education Accreditation.

## Jurisdiction and Venue

3.      This Court has subject matter jurisdiction over ACICS pursuant to (1) 20 USC

§1099(f), providing exclusive federal jurisdiction for disputes with recognized accrediting

agencies and (2) 28 U.S.C. § 1331 for actions arising under the Constitution of the United States,

and (3) pendant jurisdiction over the state law claims.

4.      This Court has personal jurisdiction over the Defendant.

5.      Venue for this action is proper in the Eastern District of Virginia, Alexandria

Division, pursuant to 28 U.S.C. § 1391 (b).  Further, ACICS By-Laws provide for venue in this

Court.

### UNVA's Background

6.      UNVA was established in 1998.  UNVA's mission is to offer American higher

education to students worldwide by blending innovative and traditional approaches to teaching

and learning.  UNVA's educational programs and courses are rigorous and of high quality.

ACICS has never disputed the quality of UNVA's educational programs.

7.      Approximately 95 percent of UNVA's students are from foreign countries or have

international backgrounds.  UNVA's administration and faculty also are predominantly

international.  UNVA has fulfilled an unmet educational need among international students, and,

since its inception, has placed hundreds of its graduates in productive careers in the United States

and abroad.

8.      For the Fall 2007 semester, UNVA's enrollment is at an all time high, with

approximately 800 full and part-time students enrolled in programs at UNVA's main campus in

Manassas, Virginia, and over 400 students enrolled at its foreign campuses in London, Prague,

North Cyprus and Hong Kong.  UNVA also has articulation agreements and partnership

agreements with other universities overseas.

9.      As a reflection of UNVA's commitment to educational and institutional

excellence and continual improvement, UNVA has finalized plans to move to a new three-acre

campus in Manassas, with two new buildings containing over 52,000 square feet of state-of-the-

art classrooms; it has invested in computer software that provides a state-of-the-art student

records system; and it has added full-time PhD faculty, admissions counselors, IT support staff,

an academic administrative assistant, and other staff to keep pace with the growth in its student

population. UNVA has 30 full and part time faculty, and over 60 management, administrative

and other staff members at its main campus in Manassas.

### A History of Arbitrary and Unfair Actions by ACICS, in Violation of It's Own Rules

10.    UNVA was initially accredited by ACICS in April 2003.

11.    As a member institution, ACICS owed UNVA contractual and common law

duties of care and fair dealing in compliance with all ACICS by-laws, Accreditation Criteria, and

related policies and procedures promised by ACICS.

12.    UNVA paid to ACICS significant sums of money in the form of dues, fees and

other assessments as consideration for ACICS's prompt and competent performance of all

accrediting activities in full compliance with all ACICS by-laws, Accreditation Criteria, and

related policies and procedures promised by ACICS.

13.    From 2003 to 2007, ACICS breached its contractual duty and common law duty

to comply with its Accreditation Criteria and related policies and procedures to UNVA in,

among others, the following instances:

   a.   Section 2-3-700 of the Accreditation Criteria provides that ACICS staff will

        investigate only "legitimate complaints" about an institution. ACICS has issued

        "Complaint Procedures" defining the "minimum guidelines [that] must be met"

        for a complaint to be investigated, including requirements that each legitimate

        complaint must be written, signed, bear the address and telephone number of the

        signer, "based on direct, accurate, and documented information," and "must

        include evidence that a genuine effort has been made to resolve the problem

        through the established grievance procedures of the institution." ACICS staff

4

regularly violated these requirements by forwarding complaints that were based on vague and anonymous rumors that did not comply with ACICS's Complaint Procedures, costing UNVA significant expense and disruption;

b. Section 2-3-700 of the Accreditation Criteria require ACICS staff to notify an institution when they have received and investigated a legitimate complaint, and obtain the institution's response *before* issuing a "show cause" directive to the institution.  ACICS staff and the ACICS Council violated these procedural requirements by issuing "show cause" directives to UNVA, in one case without prior notification and providing UNVA an opportunity to respond, and in another case without providing an opportunity to respond.  After issuance, ACICS staff and the Council took many months to dispose of the meritless "show cause" directives, during which time UNVA was precluded from enhancing or initiating educational programs;

c. ACICS forwarded as an official complaint meritless criticisms of UNVA posted on a racist website, in violation of Section 2-3-700 of the Accreditation Criteria and ACICS Complaint Procedures;

d. ACICS issued one or more "show cause" directives against UNVA in violation of the procedures set forth in Section 2-3-700 of the Accreditation Criteria and ACICS Complaint Procedures;

e. ACICS forced UNVA to pay monetary "fines" to ACICS in order to vacate meritless "show cause" directives in the absence of any provision in the Accreditation Criteria authorizing ACICS to impose financial penalties;

5

f.  In August of 2004, ACICS accepted a fee from UNVA to review its application

for addition of a campus in Prague, but failed to act on the application for over

eight (8) months in violation of Section 2-2-102(a), which provides that "initial

inclusion of a branch within the scope of the accreditation of the main campus

may be granted by the Executive Director **upon receipt** of all required

information" (emphasis added).  Further, at the time of submission, the applicable

rule provided that the application for approval should be filed 21 days before the

start of classes.  The delay prevented UNVA from starting classes for eight (8)

months and caused UNVA significant financial loss;

g.  ACICS charged UNVA a $4,800 fee for a Part II  site evaluation visit to the

Prague campus, but then cancelled the visit and refused to reimburse the visit fee;

h.  ACICS charged UNVA significant fees to accredit a Doctorate of Business

Administration program without disclosing to UNVA that ACICS was not

recognized by the U.S. Department of Education to accredit Doctorate-level

programs;

i.  ACICS arbitrarily shifted, over a three-year period, its rules and definitions

regarding what constituted "distance education" versus "branch campuses" and

"learning sites" in ways that harmed UNVA's existing educational programs,

UNVA's students, and UNVA's plans to offer online educational programs and

otherwise disregarded UNVA's unique educational operations;

j.  ACICS staff members exhibited a pattern of unfair and arbitrary adversarial

behavior toward UNVA, its staff and students, including making highly

prejudicial and false statements about UNVA throughout the period of 2004 to

2007.  Among other statements, ACICS representatives and former employees told UNVA representatives that UNVA was growing too rapidly and had to be stopped.

14.     ACICS arbitrarily punished UNVA for offering courses in partnership with foreign universities.  At the time UNVA entered into the accreditation relationship with ACICS, UNVA had partnering contracts with universities in foreign countries to provide UNVA courses and programs to their students on their campuses (UNVA's "international partnerships").  ACICS supported and encouraged UNVA's international partnerships at the inception of the accreditation relationship and throughout 2004 and 2005.  However, after UNVA became a member and its accreditation was deeply invested with ACICS, ACICS arbitrarily and unexpectedly shifted from support to antagonism and violated its rules by demanding UNVA to discontinue its international partnerships, as follows:

    a.  Throughout 2004 and 2005, UNVA staff discussed its international partnerships with ACICS staff;

    b.  In 2004, ACICS represented its full support UNVA's international partnerships and offered its assistance to UNVA in obtaining foreign government approvals of UNVA's courses and programs.  For example, in September of 2004, the Executive Director of ACICS wrote a detailed four-page letter to the Ministry of Education in Singapore in support of UNVA's international partnership with a university there.  ACICS's Executive Director also committed to meet with the education minister during an education forum at the end of February 2005;

    c.  In reliance on ACICS's expressions of support, UNVA expanded the number of international partnerships to more universities and countries;

7

d.  One topic of discussion between UNVA and ACICS was the absence of any clear accreditation treatment of UNVA's international partnerships under the ACICS Accreditation Criteria and ACICS's lack of experience in dealing with international programs generally and international partnerships of the kind UNVA was engaged in specifically.  For example, Section 2-2-102 of the Accreditation Criteria provided for ACICS approval of "Nonmain Campus Activity," defined as only two categories:  either (a) Branch Campuses or (b) Learning Sites.  UNVA's provision of courses on other universities' campuses, in partnership with those universities, did not constitute "Branch Campuses" as defined by ACICS. However, after initially supporting UNVA's international partnerships, ACICS arbitrarily changed the definition of "Learning Sites" to be only classroom sites in close proximity to UNVA's main campus in Manassas.  Thus, UNVA found its international partnerships to be in an accreditation "no-man's land" under the ACICS Accreditation Criteria.  UNVA and ACICS staffs had numerous discussions about this problem and ACICS staff acknowledged the problem;

e.  In an abrupt shift in attitude, on November 11, 2004, ACICS sent a letter to UNVA stating that "[i]t has been brought to the Council's attention" that UNVA, through its international partnerships, "appears to be operating unapproved non-main locations."  The letter demanded a response by November 25, 2004;

f.  UNVA responded with an explanation that there was no applicable provision of ACICS Accreditation Criteria that addressed the international partnerships, and further pointed out that ACICS was fully aware of UNVA's International endeavors.  ACICS had assisted UNVA with its international partnerships. UNVA

8

staff met with the ACICS Executive Director, who agreed that the ACICS

Accreditation Criteria provided no rules concerning or prohibiting UNVA's

operation of international partnerships;

g.  UNVA was shocked to receive a letter dated January 4, 2005, which issued a

directive for UNVA to "Show Cause" why its accreditation should not be revoked

or suspended.  ACICS changed its charge from "*operating*" the international

partnerships to "*advertising*" the international partnerships.  One of the

international partnerships cited was Singapore, which had been the subject of

ACICS's supportive letter to the Ministry of Education just four months earlier.

ACICS cited Section 2-2-102  as a basis for the violation, despite the fact that

ACICS had acknowledged that rule did not address the international partnerships;

h.  ACICS forced UNVA to pay ACICS a $5,000 appearance fee for appearing

before the Council to address the illegitimate show cause directive as well as fines

totaling $5,000 for the alleged violations in the absence of any rule or

authorization to levy financial fines or penalties;

i.  ACICS also demanded that UNVA discontinue all of its international partnerships

as a condition of vacating the illegitimate show cause directive, in direct

contravention of its earlier support and encouragement of the same international

partnerships;

j.  ACICS also held other critical pending approvals (e.g., approval of a UNVA

Branch Campus in Prague) hostage, at significant expense to UNVA, to vacating

the illegitimate show cause directive;

k.  The ACICS Executive Director abruptly cancelled his attendance at the education forum in China scheduled for February 2005, despite the fact that UNVA had specially arranged for ACICS to meet with the education minister;

l.  UNVA re-engaged ACICS in detailed discussions about establishment of a policy and procedure for ACICS approval of international partnerships. UNVA submitted drafts and suggestions for such a policy and procedure and was assured throughout these discussions that ACICS would develop an express procedure that UNVA could utilize to bring its international partnerships into the fold of its accreditation. After deferring the issue for almost two years, ACICS finally established a task force;

m.  In 2006, UNVA's discussions with ACICS resulted in ACICS's issuance of a new Appendix I to the Accreditation Criteria entitled "Principles and Guidelines for International Partnership Agreements." Appendix I set forth new substantive standards for international partnerships. Appendix I, however, did not define what constitutes an "international partnership" or provide a clear procedure for obtaining approvals;

n.  In the summer of 2006, UNVA had further discussions with ACICS staff about formal recognition of UNVA's international partnerships, and a meeting between ACICS and UNVA was scheduled for August, 2006. In preparation for that meeting, UNVA provided substantial materials and a proposed contract between UNVA and universities abroad which demonstrated consistency with Appendix I substantive guidelines. ACICS staff abruptly cancelled the meeting;

o. On information and belief, other ACICS accredited institutions continue to
operate programs in China that have not been affirmatively approved or punished
by ACICS. By comparison, UNVA was transparent about its international
partnerships but was punished by ACICS.

15.    ACICS's breaches of its own rules and duties owed to UNVA caused UNVA
significant monetary and non-monetary damages for which UNVA now seeks redress in this
action.

16.    Additionally, ACICS's breaches of its own rules and duties owed to UNVA
generated an unfair bias within the ACICS that negatively and improperly influenced the ACICS
Council's subsequent denial decision on August 7, 2007, including subjecting the decision to
unfair prejudgment and pretext.

### The ACICS Accreditation Criteria & Process

17.    The ACICS By-Laws, which are incorporated into the ACICS Accreditation
Criteria, provide that: "Accreditation is a peer evaluation process utilized in American
educational settings to determine the degree to which an institution or a program is meeting its
pre-established mission, goals and objectives and is complying with educational and operational
standards of its respective accrediting body. **If institutions are not achieving and complying
with these goals and standards, a secondary but equally important purpose of accreditation
is to provide them with expert guidance on how to improve and monitor their efforts.**"
(emphasis added)

18.    The substantive standards for accreditation are set forth in the ACICS
Accreditation Criteria.

11

19.    The procedures for the accreditation process are set forth in the ACICS
Accreditation Criteria.

20.    The ACICS Accreditation Criteria provide the following standards for measuring
an institution's qualification for accreditation:

      a.  Title I, Chapter 1, Introduction: "Accreditation is an independent appraisal of
an institution during which the institution's **overall educational quality**
(including outcomes), professional status among similar institutions, financial
stability, and operational ethics are self-evaluated by peers." (emphasis added)

      b.  Title II, Chapter 3, Introduction: "When the Council has considered all of the
information and reports submitted as a result of the accrediting process, it will
make a judgment as to an institution's compliance with the *Accreditation
Criteria*. The Council's decision is based on the **extent of an institution's
compliance**." (emphasis added)

      c.  Section 2-1-700: "At each level of review, the **number and seriousness** of
any deficiencies are taken into account, as well as the institution's indicated
**willingness and capability** to overcome them." (emphasis added)

      d.  Section 2-3-101: "The Council may judge an institution to be **generally in
compliance** with the criteria, but it also may wish to call the institution's
attention to **one or more deficiencies that are not serious enough to
preclude a grant of accreditation** but that nonetheless must be corrected.  In
these cases, the institution will be awarded a grant of accreditation but will be
admonished to correct the deficiencies." (emphasis added)

e. <u>Title III , Chapter 1, Introduction</u>: "Inasmuch as these are minimum expectations, **extreme deviation** from them is not permitted." (emphasis added)

21.    On information and belief, ACICS has accredited many institutions with citations for areas in need of improvement under the substantial compliance standard established by its Accreditation Criteria and set forth in paragraph 20 above.  The ACICS Council deviated from its substantial compliance standard set forth above in the case of UNVA.

22.    Among the procedures is <u>Section 2-1-501</u> governing site visits to institutions. Section 2-1-501 provides that the purpose of a site visit team is to "report all facts observed during the visit as to how the institution is accomplishing its stated mission, or failing to do so, in compliance with the criteria." <u>Section 2-1-700</u> requires the ACICS Council to consider a site visit team's report and all of the institution's responsive materials in arriving at an accreditation decision.

23.    <u>Section 2-3-500</u> of the Accreditation Criteria further provides that, at an ACICS Council hearing, the "institution shall have the right to respond with evidence and facts concerning the areas of noncompliance with which it has been charged, to raise all reasonable questions, and to present evidence in opposition to or extenuation of the changes of noncompliance." An institution's fair exercise of this right is dependent upon the institution's receipt of all information and evidence under consideration by the ACICS Council.

24.    <u>Section 2-3-404</u> of the Accreditation Criteria is entitled "Procedural Guarantees" and provides that an institution is entitled to a "decision on the **record alone** and a **statement of reasons** for the ultimate decision." (emphasis added)

25.   The ACICS Accreditation Criteria and incorporated By-Laws, and website and other materials, state that ACICS is recognized by the U.S. Department of Education (U.S. DOE) and adheres to U.S. DOE procedural requirements for recognized accrediting organizations in all ACICS accreditation practices.  UNVA relied upon ACICS, both contractually and as a matter of federal law, to comply with all U.S. DOE requirements governing accreditation, set forth in U.S. DOE regulations, which include the following requirements:

   a.  Section 602.17(c) requires ACICS to "conduct[] at least one on-site review of the institution or program during which [ACICS] obtains sufficient information to determine if the institution or program complies with the agency's standards."

   b.  Section 602.17(e) requires the ACICS Council to consider "the report of the on-site review" among the sources of evidence in determining an institution's qualification for accreditation.

   c.  Section 602.18 requires the ACICS Council to "consistently apply and enforce its standards" and, moreover, to implement "effective controls against the inconsistent application of the agency's standards."

   d.  Section 602.18 requires the ACICS Council to "base[] decisions regarding accreditation and preaccreditation on [ACICS's] published standards."

   e.  Section 602.18 requires the ACICS Council to have in place a "reasonable basis for determining that the information [ACICS] relies on for making accrediting decisions is accurate."

26.   In addition to U.S. DOE standards, ACICS has represented to UNVA and other institutions that its practices adhere to accreditation standards required by the Council for Higher Education Accreditation ("CHEA"), a national organization that oversees the accreditation

14

practices of accrediting organizations such as ACICS. UNVA relied upon ACICS's

representations that it was recognized and adhered to the accreditation standards required by

CHEA, including the following standards:

     a.  Section 12B(8) requires ACICS to "assure reasonable efforts to communicate and consult with appropriate governmental and nongovernmental accreditation or quality assurance entities in other countries" in reviewing UNVA's foreign programs;

     b.  Section 12(D) requires ACICS to "employ[] appropriate and fair procedures in decision making";

     c.  Section 12C(4) requires ACICS to "distinguish clearly between actions necessary for accreditation and actions that are considerations for improvement";

     d.  Section 12D(2) requires ACICS to "foster reasonable consistency in reviews of institutions or programs while respecting varying institution or program purposes and mission";

     e.  Section 12D(3) requires ACICS to "assure that the process to deny or remove accreditation is specified and fair".

27.     ACICS staff and the ACICS Council violated these and other applicable substantive and procedural requirements in this case.

28.     UNVA is qualified for accreditation according to the ACICS Accreditation Criteria and applicable standards.

### UNVA's Application for Reaccreditation

29.     UNVA was granted initial accreditation by ACICS in April 2003. The accreditation was for a period of over three years, through December 31, 2006. ACICS approved

UNVA's branch campus in Hong Kong on July 25, 2005, the branch campus in London on August 18, 2005, the branch campus in Prague on May 14, 2005, and the branch campus in North Cyprus on January 3, 2006.

30.     In the fall of 2004, as a part of the accreditation renewal process, UNVA commenced a self-study, directed by a national authority on institutional planning and outcomes assessment with significant experience in the field of college and university accreditation. The self-study was completed in October 2005 and a report (the "Self-Study Report") was submitted to ACICS.

31.     Upon completion of the self-study, UNVA immediately began to develop and implement procedures to monitor academic and institutional progress, modernize administrative functions, and address any weaknesses uncovered in the self-study process. UNVA implemented numerous improvements to the institution throughout 2006 and 2007, investing millions of dollars to meet and exceed ACICS accreditation standards.

32.     In August 2006, ACICS initially denied UNVA's application for a new grant of accreditation, but extended the accreditation through December 31, 2006, while UNVA's appeal of the accreditation action was pending. ACICS requested that UNVA submit information in support of the appeal.

33.     On or about November 7, 2006, UNVA submitted substantial material in support of the appeal, including the information specifically requested by ACICS in the August 2006 denial. Thereafter, on November 29, 2006, a hearing was held before ACICS's Council pertaining to UNVA's appeal.

34.     Following the hearing, in a letter dated December 13, 2006, ACICS placed UNVA on probation, extended its grant of accreditation, and advised UNVA that it would

undergo a "full evaluation visit by a [ACICS site review] team during May/June 2007 at the main campus located in Manassas, Virginia." In the letter, ACICS also requested that UNVA submit certain information by June 30, 2007 to ACICS.

35.    For three (3) days in May of 2007, on behalf of the ACICS Council, a new ACICS site review team (the "ACICS site review team") visited UNVA and conducted a "full evaluation" of UNVA. Among other issues, the ACICS site review team reviewed all matters identified in the ACICS Council's December 13, 2006 letter, five binders of materials assembled for the visit, and many other documents and records on site. After three days of reviewing UNVA's entire institution, the ACICS site review team memorialized its conclusions regarding UNVA in a site review report ("May 2007 Special Visit Report").

36.    The ACICS site review team's May 2007 Special Visit Report gave UNVA at least three hundred eighty-eight (388) *favorable* citations. The ACICS site review team's May 2007 Special Visit Report gave UNVA only thirteen (13) citations for areas needing improvement.

37.    Of the thirteen (13) deficiency citations, three (3) were brand new and had not been noted by ACICS in numerous reviews.

38.    In July of 2007, UNVA responded to the thirteen (13) citations that the ACICS site review team noted in the May 2007 Special Visit Report by submitting additional information which fully addressed the concerns raised in the citations.

39.    In June of 2007, UNVA also submitted the two volumes of materials it had prepared in response to the December 2006 letter, even though the more recent May 2007 Special Visit Report had narrowed the list of citations to thirteen (13).

40.     On August 3, 2007, a hearing was held before the ACICS Council to determine whether UNVA was qualified for accreditation. At the hearing, the Council asked no questions about the content of the material submitted by UNVA or about the specific citations. Further, the Council did not advise UNVA that it needed any further information from UNVA in support of UNVA's re-accreditation application.

41.     On information and belief, the ACICS Council members did not review and take into account the entire record of materials submitted by UNVA or the conclusions of the May 2007 site visit team in deciding UNVA's qualification for accreditation, in violation of ACICS procedural requirements.

### The Secret IRC Review Sheets & Off-the-Record Communications

42.     In July 2007, sometime before the August 3, 2007 hearing, ACICS staff or other representatives prepared internal documents discussing UNVA's qualification for accreditation. These documents are referred to as "IRC Review Sheets."

43.     These staff-generated IRC Review Sheets contained factual inaccuracies and erroneous judgments about UNVA and its qualifications for accreditation. For example, one of the July 2007 Review Sheets states that student transcripts could not be found although they had been made available to ACICS. There were statements that other requested information was not provided by UNVA to ACICS, when in fact the information had been provided. There were statements that UNVA did not have evidence that certain students had satisfied pre-requisite courses even though there was information in student files to the contrary.

44.     The IRC Review Sheets were made available to the ACICS Council and Council relied upon the internal IRC Review Sheets in forming judgments about UNVA's qualification for accreditation at the August 3, 2007 hearing.

18

45.     These internal IRC Review Sheets were not provided to UNVA prior to the

August 3, 2007 hearing and, therefore, UNVA had no notice or opportunity to address and

correct the factual inaccuracies and erroneous judgments contained therein before the Council.

46.     In addition to the secret and inaccurate IRC Review Sheets, ACICS staff had off-

the-record communications with the ACICS Council regarding UNVA and its accreditation.

47.     The ACICS Council relied upon the information communicated by ACICS staff

in these off-the-record communications in forming judgments about UNVA's qualification for

accreditation at the August 3, 2007 hearing.

48.     UNVA was not made aware of these communications or provided any

information regarding the substance of these communications and, therefore, UNVA had no

opportunity to respond to factual inaccuracies, erroneous judgments, or extraneous

considerations presented to and considered by the Council in these communications.

49.     UNVA requested copies of all internal memoranda, electronic communications

and other records of off-the-record communications between ACICS representatives and the

decision-making bodies, the ACICS Council and the appellate Review Board, which influenced

those decision-making bodies' decisions.  ACICS would not disclose any such communications.

50.     In its brief to the Review Board, ACICS cited one of the previously undisclosed

July 2007 IRC Review Sheets as evidence in the record the ACICS Council relied upon to make

its decision regarding UNVA.  UNVA was not provided a copy of this record evidence prior to

the ACICS Council's reliance on it.  UNVA was not afforded the basic right to be apprised of all

evidence under consideration by the ACICS Council or afforded an opportunity to address and

correct statements in the July 2007 Review Sheets.  Nor was UNVA provided a copy of the July

IRC Review prior to the denial in the August 7, 2007 letter.

51.    The IRC Review Sheets and other internal communications between ACICS staff or other representatives and the ACICS Council and ACICS Review Board constitute part of the record considered by the ACICS Council and the ACICS Review Board.

52.    UNVA was not provided the complete record of materials and information which influenced the decisions of the ACICS Council in its August 7, 2007 letter or the ACICS Review Board on appeal.

53.    The ACICS Council's actions in receiving and considering secret, off-the-record communications and information violated UNVA's rights protected by Section 2-3-500(b) of the Accreditation Criteria and other applicable standards.

## The August 7, 2007 Denial Letter

54.    On August 7, 2007, four days after the hearing, UNVA received a letter from the ACICS Council denying its application for reaccreditation.

55.    The ACICS letter denying reaccreditation identified fifteen (15) deficiencies, of which five (5) did not even appear in the May 2007 Special Visit Report.

56.    The ACICS Council's August 7, 2007 letter purported to identify the fifteen (15) deficiencies based on the ACICS Accreditation Criteria and the factual record developed in the accreditation process. However, the Council's August 7, 2007 letter did not provide any citations to evidence in the record or any reasoned explanation for clear contradictions between the Council's citations and the factual record, including patent contradictions between the Council's citations versus the conclusions of the Council's own fact-finding site visit team memorialized in the May 2007 Special Visit Report. For example:

a.    Citation No. 3 of the Council's August 7, 2007 letter stated: "There is not documentation that the institution's plan for the implementation of distance

education activities has not [sic] been integrated into the Institutional

Effectiveness Plan ("IEP"). (Sections 3-1-111, 3-1-112, 3-1-113 & Appendix H-

I(b))." There is no section "H-I(b)" in the Accreditation Criteria. In the May 2007

Special Visit Report, the ACICS site review team concluded "YES" in response

to the question:  "Does [UNVA] integrate this plan [for the implementation of

distance education activities] in the IEP?"  The ACICS site review team further

concluded "YES" for all questions concerning UNVA's compliance with the

Accreditation Criteria for distance education.

b.  Citation No. 4 of the Council's August 7, 2007 letter stated: "There is not

sufficient evidence that distance education faculty are reviewed by the

administration (Section 3-1-202(b) & Appendix H-VII(c))." However, the ACICS

site review team stated in the May 2007 Special Visit Report that UNVA met all

of ACICS's standards for distance education.

c.  Citation No. 5 of the August 7, 2007 letter stated: "There is not sufficient

evidence that the administration evaluates all staff members (Section 3-1-

202(b))." After the May 2007 site visit, the ACICS site review team concluded

that UNVA was properly evaluating its staff.  Therefore, the ACICS site review

team issued no deficiency citations regarding staff evaluation forms. Moreover,

the July 2007 IRC Review Sheet, which UNVA was not provided prior to the

August 3, 2007 hearing, reveals that the ACICS staff comments and

recommendations to Council for this citation were based upon factors not required

by ACICS's own standards.

d. Citation No. 6 of the August 7, 2007 letter stated: "The 2005 Annual Institution Report (AIR) could not be verified (Section 3-1-303(a))." The ACICS site review team was specifically asked to "verify" UNVA's 2005 AIR as well as the 2006 AIR. The ACICS site review team did not note any deficiencies in the 2005 AIR. ACICS ignored the verification of that report without explanation.

e. Citation No. 8 of the August 7, 2007 letter stated: "Prerequisites are not being followed in the three computer programs (Section 3-1-513(b))." In the May 2007 Special Visit Report, the ACICS site review team concluded "YES" when asked whether prerequisites were being followed for the three computer programs.

f. Citation No. 9 of the August 7, 2007 letter stated: "There is not sufficient evidence that teaching loads are reasonable for all faculty members in the master's degree programs (Section 3-6-503)." In the May 2007 Special Visit Report, the ACICS site review team concluded "YES" when asked whether teaching loads were reasonable for all faculty members in the master's degree programs. Moreover, based upon the internal IRC Review Sheet, which was not provided to UNVA, ACICS Council did not follow its Accreditation Criteria set forth in Section 3-6-503 in evaluating faculty teaching loads.

57.   In addition to the citations patently contradicted by the conclusions of ACICS's own site review team (citations 3, 4, 5, 6, 8, 9), each of the other citations in the August 7, 2007 denial letter (citations 1, 2, 7, 10, 11, 12, 13, 14, 15) is not supported by substantial evidence in the record. For example:

a. Citation No. 1 of the August 7, 2007 letter contends that UNVA did not use graduate and employer survey results to improve educational processes. However,

UNVA submitted information to ACICS regarding the implementation of four programs specifically designed to improve educational processes, consistent with the survey results and UNVA's Institutional Effectiveness Plan.

b. Citation No. 3, under the May site visit section of the August 7, 2007 letter, states that UNVA does not maintain student records which reflect the requirements for admission of all students. This is a new citation from the May 2007 cite visit report, that was not received by UNVA until June 22, 2007. The documentation allegedly missing from selected student files was reference letters, original (rather than copies) of high school diplomas and, for one student, an undergraduate transcript in the original language (Mongolian) rather than English.  UNVA was only given three weeks, until July 13, 2007, to respond to this new citation, which was an unreasonable period of time.  Nevertheless, by the unreasonably short deadline UNVA submitted documentation to ACICS showing that UNVA had addressed this issue. There is no explanation the August 7, 2007 letter as to why this was cited as a basis for the denial of accreditation given the fact that, within a unreasonably short time period, UNVA demonstrated that it was willing and capable of addressing the alleged deficiency, and had done so. ACICS failed to comply with Section 2-1-700 of its own Accreditation Criteria which require it to take into account the number and seriousness of any deficiencies and the UNVA's willingness and capability to overcome them.

c. Citation No. 6, under the May site team report section of the August 7, 2007 letter, states that official transcripts are not on file for all credentials held by all faculty members. Again this was a new citation never before raised by ACICS.

The site review team found that faculty in all of UNVA's programs had the necessary qualifications and degrees; the site review team's comment was limited to getting official transcripts in the file for five of UNVA's faculty members. After receiving the May 2007 site team visit report, notwithstanding the unreasonably short amount of time provided to respond to the visiting team's May 2007 report, UNVA immediately took action to obtain the official transcripts of the faculty members referenced in the site team's report and provided evidence to ACICS that all but a single official transcript was obtained. The only official transcript that could not be obtained within the short time period was the undergraduate transcript of for a faculty member from 40 yeas ago from Kabul University in Afghanistan (a war torn country). ACICS failed to give UNVA adequate time to respond to this citation, it violated its own Accreditation Criteria by failing to take into account the number and seriousness of the claimed deficiencies and the UNVA's willingness and capability to overcome them.

58.    The ACICS Council did not consider and take into account the facts and evidence contained in the May 2007 Special Visit Report in violation of ACICS procedural requirements, both those stated explicitly in the Accreditation Criteria and those required by the U.S. DOE regulations.  The ACICS Council did not provide any explanation, much less a reasoned explanation of, patent factual contradictions in the record.

59.    The ACICS Council's citations were not supported by substantial record evidence, were not accompanied by any reasoned explanation based on the whole record, were otherwise arbitrary, were pretextual and violated ACICS's own standards for accreditation set forth above.

60.     The "number and seriousness" of ACICS Council's citations in the August 7, 2007 letter did not justify denial of accreditation according to ACICS's published standards for qualification set forth above.

### UNVA's Appeal of the August 7, 2007 Council Denial Letter

61.     On October 2, 2007, UNVA appealed the Council's decision before the Review Board.

62.     Section 2-3-601 of the Accreditation Criteria provides that "The Review Board is **a separate, independent appeals body** established by the Council for the purpose of hearing appeals by institutions." (emphasis added).  The Review Board is made up of non-attorney representatives from other ACICS-accredited institutions.  In this case, the Review Board members were representatives from the Professional Golfers Career College, the Brookstone College of Business, the Career Education Corporation, and Kaplan Higher Education.

63.     Section 2-3-603 requires that "Review Board panels will **not consider any evidence that was not in the record** before the Council." (emphasis added)

64.     Section 2-3-603 sets forth the limited scope of review for a Review Board.  The Review Board reviews only the decision of the ACICS Council, in this case the August 7, 2007 letter, and either (a) affirms the decision or (b) remands the case to the ACICS Council with recommendations for further consideration.  Section 2-3-603 does not authorize the Review Board to determine ACICS's qualification for accreditation or substitute its judgments for the ACICS Council's actions.

65.     UNVA's appeal raised each of the four bases for its appeal.

66.     ACICS has no published standards or procedures regarding off-the-record discussions between ACICS representatives and the Review Board.  Prior to the hearing before

25

the Review Board, UNVA requested to be informed of any such off-the-record discussions. UNVA received a reply from ACICS's attorney conceding that off-the-record discussions had occurred but declining to provide copies of documents reflecting those communications as requested. UNVA was denied the ability to determine the content of the off-the-record communications considered by the Review Board regarding UNVA and the merits of its appeal prior to or following the appeal hearing. UNVA was denied the ability to respond to any off-the-record, substantive communications with the Review Board that influenced the Review Board decision making. This violated UNVA's right to a "separate, independent appeals body" pursuant to Section 2-3-601 and its right to have only record evidence considered pursuant to Section 2-3-603.

67.    The Review Board considered extraneous information not contained in the record and other prejudicial issues that were not presented on appeal in making its decision to affirm the ACICS Council's action. The only question posed to UNVA by the Review Board pertained to information that was not implicated by the ACICS Council's August 7, 2007 letter. The question related to a "show-cause" directive that had been previously dismissed by ACICS and was wholly extraneous to the ACICS Council's August 7, 2007 letter, but reflects the impermissible consideration of information that was not a basis for the August 7, 2007 denial.

68.    One day following an appeal hearing, with UNVA being limited to a 45-minute presentation, by letter dated October 3, 2007, the Review Board summarily affirmed the Council's decision denying UNVA reaccreditation.

69.    The Review Board's decision affirming the ACICS Council's August 7, 2007 letter did not provide any reasoned explanation for its affirmance. The Review Board's decision affirming the August 7, 2007 letter stated, without any explanation, that "the Review Board has

found that the action of the accrediting Council is supported by substantial evidence in the record and was not arbitrary or capricious." The Review Board failed to address UNVA's fourth contention, that the ACICS Council's action of August 7, 2007 violated the standards for qualification set forth in the Accreditation Criteria, thus denying UNVA a complete review of its appeal in violation of Section 2-3-603.

70.     The Review Board's decision reflects a non-legal review by laypersons, based on non-legal standards, inaccurate information in IRC Review Sheets to which UNVA was not afforded the opportunity to respond, off-the record communications which were not provided to UNVA, and applied a standard for qualification that is inconsistent with the Accreditation Criteria and, upon information and belief, the treatment of other institutions that have been accredited with more serious and/or numerous citations.

## Subject of this Legal Challenge

71.     The subject of this legal action is two-pronged. First, in Count I UNVA seeks monetary damages for the ACICS staff and Council's violations of several contractual and common law duties over the period of a four-year relationship for its failure to comply with its own rules. Second, in Counts II - IV, UNVA challenges the legal sufficiency of the ACICS Council's August 7, 2007 denial letter and the bases for the citations therein. UNVA seeks a declaration that the action taken by the ACICS Council in the August 7, 2007 letter was arbitrary, capricious, unsupported by substantial evidence based upon the whole record, pretextual, and it violated the substantive and procedural provisions of the Accreditation Criteria and due process rights of UNVA. UNVA also seeks monetary damages.

27

## Count I

## Breach of Contract/Violations by ACICS of Its Own Rules During Its Relationship with UNVA

72.    UNVA incorporates by reference the preceding paragraphs.

73.    ACICS staff and the ACICS Council breached numerous contractual and common law duties owed to UNVA in the provision of its accreditation services, as set forth above, and more specifically set forth in paragraphs 13 and 14.

74.    UNVA has suffered significant financial losses as a direct and proximate result of ACICS's numerous breaches of contractual and common law duties to comply with its Accreditation Criteria and related policies and procedures.

## Count II

## Breach of Contract/Violations by ACICS of Its Own Rules in Denying UNVA Accreditation

75.    UNVA incorporates by reference the preceding paragraphs.

76.    The August 7, 2007 denial action by the ACICS Council was rendered in violation of the *procedures* set forth in the ACICS Accreditation Criteria, which constituted a contract between UNVA and ACICS.  Examples of these procedural violations include:

    a.  The ACICS Council failed to provide reasons for denying the application based upon citations that were directly contradicted by its own site review team, in violation of Section 2-3-404(c).

    b.  The ACICS Council considered secretive communications, information and evidence that was not provided to UNVA to afford UNVA a right to respond, in violation of Section 2-3-500(b);

c.  The ACICS Council considered inaccurate information about UNVA in July
2007 IRC Review Sheets that were not disclosed to UNVA to afford UNVA a
right to respond, in violation of Section 2-3-500(b);

d.  The ACICS Council did not review and consider all the substantial evidence
contrary to its decision submitted by UNVA, constituting over 15 volumes of
materials, in violation of Section 2-1-700;

e.  The ACICS Council did not review and consider the conclusions and May
2007 Special Visit Report, in violation of Section 2-1-700;

f.  The ACICS Review Board did not afford UNVA a "separate, independent
appeal body" in violation of Section 2-3-601 because it had off-the record
communications about UNVA with representatives of the ACICS Council to
which UNVA did not have an opportunity to respond;

g.  The ACICS Review Board considered extraneous information about UNVA
that was not contained in the record in violation of Sections 2-3-601 and 2-3-
603;

h.  The ACICS Council did not take into account the number and seriousness of
any deficiencies or the willingness and capability of UNVA to overcome
them, in violation of Section 2-1-700;

i.  The ACICS Council did not take into account UNVA's overall educational
quality in its review of UNVA, in violation of the fundamental purpose of
accreditation set forth in Title I, Chapter [Introduction] of the Accreditation
Criteria.

77.    The August 7, 2007 denial action by the ACICS Council violated the *substantive standards* set forth in the ACICS Accreditation Criteria, which constituted a contract between UNVA and ACICS. Examples of these substantive violations include:

    a.  The ACICS Council imposed an unreasonable absolute standard for measuring UNVA's qualifications in violation of Sections 2-1-700, 2-3-101, Title I, Chapter 1 (Introduction), and Title II, Chapter 3, (Introduction);

    b.  The ACICS Council's August 7, 2007 citations were arbitrary, capricious, in substantial disregard of the Accreditation Criteria, and not supported by substantial evidence in the record in violation of Section 2-3-603;

    c.  The ACICS Council's August 7, 2007 citations were patently erroneous and contradicted by evidence in the record;

    d.  The ACICS Council based its August 7, 2007 citation pertaining to the evaluation of staff members on staff recommendations based upon criteria that are not found in Section 3-1-202;

    e.  The ACICS Council's August 7, 2007 citation pertaining to the faculty teaching loads was in violation of Section 3-6-503.

78.    As a direct and proximate result of ACICS's violations of the Accreditation Criteria and duties owed to UNVA, UNVA has been damaged in its business or trade and UNVA has suffered irreparable harm.

## Count III

## Denial of UNVA's Common Law Due Process Rights – Denial of Accreditation

79.    UNVA incorporates by reference the preceding paragraphs.

80.   ACICS acted in an arbitrary and capricious manner, or otherwise not accordance with the law by, among other things:

    a.   not following its own procedures and standards during the UNVA accreditation process, as more fully set forth in paragraphs 76-77 above;

    b.   imposing standards in accrediting UNVA that are not a part of the ACICS Accreditation Criteria;

    c.   not considering the entire record before denying accreditation;

    d.   not fully disclosing all the information to UNVA upon which the Council's decision was based;

    e.   not providing UNVA a full and fair opportunity to respond to false statements by ACICS staff provided to the ACICS Council;

    f.   telling UNVA that ACICS's site review team would verify UNVA's 2005 AIR and then ignoring the site team's verification of that report when denying UNVA's accreditation;

    g.   failing to provide any reasoned explanation for the Council's August 7, 2007 determination notwithstanding numerous factual contradictions between Council's citations and the record;

    h.   failing to provide any reasoned explanation for the Review Board's October 2, 2007 affirmation of the Council's action, and failing to address all arguments raised by UNVA on appeal;

    i.   permitting off-the-record communications with the Council and Review Board which influenced or may have influenced the Council's decision and the Review Board's affirmance and failing to disclose the information to UNVA;

j.  issuing a denial determination that was influenced by prejudgment, bias and other concerns not mentioned in the record.

81.  Moreover, the August 7, 2007 letter was not based on substantial evidence in the record. As more fully set forth in paragraphs 56-57 above, the record patently contradicts citations of the Council upon which Council based its denial of accreditation.

82.  Based upon ACICS's foregoing conduct, UNVA's common law due process rights were violated.

83.  As a direct and proximate cause of ACICS's violation of UNVA's common law due process rights, UNVA has been damaged in its business or trade. Further, UNVA is and will suffer irreparable harm as a consequence of ACICS's actions.

## Count IV

## Constitutional Due Process – Denial of Accreditation

84.  UNVA incorporates by reference the preceding paragraphs.

85.  Under the Higher Education Act of 1965, as amended, 20 U.S.C. § 1070 et seq. ("HEA"), U.S. DOE regulations issued pursuant to the HEA, accreditation decisions made by ACICS, its employees and agents constitute "state action".

86.  ACICS accreditation decisions serve as a surrogate for a federal agency because ACICS performs functions critical to the administration of federal programs. ACICS advertises this function, its formal recognition by the U.S. DOE to accredit institutions of higher education, as well as its adherence to U.S. DOE standards in fulfilling this governmental function. In short, ACICS accreditation decisions are "state action" because:

a.  ACICS's accreditation activities are entwined with governmental policies;

32

b.  ACICS is endowed by the federal government with powers and functions that are governmental in nature;

c.  The federal government has delegated a traditionally and exclusively public function to ACICS, specifically to determine institutions' and students' entitlement for federal financial assistance;

d.  The U.S. DOE regulates ACICS and prescribes ACICS's accreditation scope of authority and standards it must adhere to;

e.  The U.S. DOE has formally recognized ACICS as a national accrediting body;

f.  ACICS advertises its formal recognition by the U.S. DOE and incorporates U.S. DOE's regulations by reference in its organizational by-laws and Accreditation Criteria;

g.  Institutions seeking accreditation rely upon ACICS's recognition and regulation by U.S. DOE and view ACICS as exercising governmental functions;

h.  ACICS's denial of accreditation triggers additional regulatory obstacles to an institution's attempt to obtain accreditation at another institution under U.S. DOE regulations.

87.    ACICS staff members and the ACICS Council violated UNVA's due process rights guaranteed by the Fourteenth Amendment to the U.S. Constitution in reaching the decision to deny UNVA accreditation dated August 7, 2007.

### Prayer for Relief

WHEREFORE, the University of Northern Virginia, Inc., by counsel, respectfully prays that judgment be granted in its favor as follows:

a. Preliminary injunctive relief to re-instate and maintain UNVA's accreditation while this action is pending and require public notice of same;

b. Permanent injunctive relief requiring ACICS to re-instate and approve UNVA's accreditation and thereafter to comply with all applicable substantive and procedural rules, policies and standards with respect to UNVA;

c. A declaration that ACICS breached its contractual and common law duties owed to UNVA throughout UNVA's membership in ACICS;

d. A declaration that ACICS's violated its own substantive and procedural rules, policies and standards set forth, explicitly and by reference, in the Accreditation Criteria in reaching the decision set forth in the August 7, 2007 denial letter, and therefore is null and void;

e. A declaration that ACICS's August 7, 2007 denial letter was arbitrary, capricious, unsupported by substantial record evidence, pretextual, and failed to provide a reasoned explanation of the evidence based upon the whole record, and therefore is null and void;

f. A declaration that UNVA is qualified for accreditation according to the ACICS Accreditation Criteria properly construed and fairly applied;

g. Monetary damages in the amount of Ten Million Dollars ($10,000,000) or in such amount that is shown at trial;

h. Reasonable attorneys' fees and costs pursuant to all applicable legal standards;

i. Pre- and post-judgment interest on all monetary damages, as allowed by law; and

j. Such other relief as the Court deems just and appropriate.

**Jury Trial Requested**

UNVA requests a trial by jury on all issues so triable.

Respectfully submitted,

THE UNIVERSITY OF NORTHERN VIRGINIA, INC.
By counsel

LECLAIRRYAN
A Professional Corporation

By: _____
R. Scott Caulkins (VSB No. 23584)
Lee E. Goodman (VSB No. 31695)
Joanna Faust (VSB No. 72930)
225 Reinekers Lane, Suite 700
Alexandria, Virginia 22314
(703) 684-8007 (Telephone)
(703) 684-8075 (Fax)
*Counsel for Plaintiff*

## VERIFICATION OF COMPLAINTFOR
## DECLARATORY, INJUNCTIVE & MONETARY RELIEF

1.  I am Chancellor of the University of Northern Virginia, and I am of legal age under no legal disability.

2.  I am responsible for the educational, administrative and financial operations of the entire university, and I am assisted by campus presidents, faculty, administrators, and staff.

3.  I have read the foregoing complaint and I have knowledge of the factual allegations therein.  My knowledge regarding the factual allegations is based both upon my personal knowledge and experience with the university as well as the information I have gathered from others throughout the university.

4.  The allegations of fact contained in the foregoing complaint are true and correct to the best of my personal knowledge, information and belief.

By: _____
Fay Ross Avery, Chancellor
University of Northern Virginia

Subscribed and sworn to before me this _19th_ day of _October_, 2007.

_____
Notary Public

My Commission Expires: _9/30/11_

Melissa-Ann Ulanday
NOTARY PUBLIC
Commonwealth of Virginia
Reg. # 7083988
My Commission Expires
September 30, 2011

36