## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

| | | |
|---|---|---|
| THE UNIVERSITY OF<br>NORTHERN VIRGINIA, INC. | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No.: 1:07cv1057 |
| ACCREDITING COUNCIL FOR<br>INDEPENDENT COLLEGES AND SCHOOLS | ) ) ) | |
| Defendant. | ) ) | |

## DECLARATION OF SHERYL L. MOODY

Pursuant to 28 U.S.C. § 1746, I, Sheryl L. Moody, declare as follows:

1.      I am an adult citizen of the United States and a resident of the State of Maryland and am competent to testify as to the matters set forth in this Declaration.  The information contained in this Declaration is from my own personal knowledge.

2.      I am the Executive Director of the Accrediting Council for Independent Colleges and Schools ("ACICS"), and I have held that position at all times relevant to this action.

3.      ACICS, which dates back to 1912, is a not for profit non-stock corporation organized under the laws of Virginia exclusively for educational purposes, with its current principal place of business in the District of Columbia.  ACICS has been granted 26 U.S.C. §501(c)(3) tax exempt status by the Internal Revenue Service as a nonprofit organization operated exclusively for educational purposes.  ACICS has been recognized since 1956 by the U.S. Secretary of Education as a reliable authority concerning the quality of education and training offered by the educational institutions that it accredits.  The scope of ACICS's recognition includes private postsecondary institutions offering certificates or diplomas and

postsecondary institutions offering associate's, bachelor's, or master's degrees in programs designed to educate students for professional, technical, or occupational careers, including those that offer those programs via distance education. Recognition by the Department of Education enables ACICS-accredited institutions to be eligible for federal student aid. ACICS accredits 685 postsecondary institutions enrolling more than 560,000 students. Almost all of those institutions participate in federal financial aid programs, and almost all of their students depend on that aid to pay for their educational programs.

4.    ACICS has been and continues to be a voluntary group of educational organizations affiliated for the purpose of establishing and operating an educational accrediting agency in the field of postsecondary and higher education. To aid in the process of accreditation and consistent with its nonstock corporate responsibilities and the criteria of the Department of Education, ACICS has promulgated its *Accreditation Criteria: Policies, Procedures, and Standards*. A true copy of the *Accreditation Criteria* is attached as **Exhibit A** hereto. In addition, ACICS is governed by its Bylaws, which are also incorporated into the *Accreditation Criteria*. A true copy of the Bylaws is attached as **Exhibit B** hereto. These and ACICS's other policies and procedures are regularly reviewed by the Department of Education for consistency with the recognition criteria of the United States Secretary of Education.

5.    The accreditation functions of ACICS are carried out by the Council, which consists of 14 Commissioners. The Council includes Commissioners representing both non-degree and degree-granting institutions, as well as two Commissioners drawn from the public. The day-to-day affairs of ACICS are overseen by the Executive Director, who serves as its Chief Administrative Officer. **Exhibit B.**

6.    The Council enacts, interprets, and applies ACICS's policies and procedures to

each institution that has been accredited by it or that seeks accreditation. The Council has the sole and final authority to determine whether an institution is in compliance with ACICS's standards and whether accreditation should be granted, denied or withdrawn. **Exhibit A,** *Accreditation Criteria* § 2-1-603.

7.    The process of accreditation is set forth in ACICS's *Accreditation Criteria: Policies, Procedures, and Standards.* It includes a preliminary review of the institution, submission of an application for accreditation, submission of a self evaluation analysis, a site visit by an evaluation team, which prepares a report for review and response by the institution, and a final determination by the Council. The burden of proof of accredibility rests with the institution. **Exhibit A,** *Accreditation Criteria* Title II, Ch. 1.

8.    If the Council denies an application to renew accreditation, the institution has an administrative appellate process available to it. **Exhibit A,** *Accreditation Criteria* § 2-3-302. The first stage in the appellate process is an appearance at a hearing before a panel of the Council. **Exhibit A,** *Accreditation Criteria* §§ 2-3-500, 2-3-501. The institution may file written materials in advance of the hearing and may be represented at the hearing by legal counsel. **Exhibit A,** *Accreditation Criteria* § 2-3-500. After the hearing, the panel presents its findings and recommendations to the full Council, which then makes a final decision. **Exhibit A,** *Accreditation Criteria* § 2-3-501.

9.    If the Council affirms the denial of accreditation, the institution may then appeal to the Review Board. **Exhibit A,** *Accreditation Criteria* § 2-3-600. The Review Board is a separate, independent appeals body established by ACICS for the purpose of hearing appeals from adverse Council decisions. **Exhibit A,** *Accreditation Criteria* § 2-3-601. The institution is again given the opportunity to submit written materials in support of its appeal, and the Review

Board is also provided with the entire record that was before the Council at the time its decision was made. **Exhibit A**, *Accreditation Criteria* § 2-3-605. The institution and the Council are entitled to be represented by legal counsel throughout the Review Board process. **Exhibit A**, *Accreditation Criteria* § 2-3-605. The Review Board may affirm the Council's decision or remand the matter back to the Council. **Exhibit A**, *Accreditation Criteria* § 2-3-603.

10.    The University of Northern Virginia's ("UNVA") main office is located in Manassas, Virginia, with approved learning sites in Annandale and Centreville, Virginia, and approved branch campuses in Prague, Czech Republic, Hong Kong, Cyprus, and London, England. UNVA's initial grant of accreditation was awarded by ACICS in April 2003 and ran through December 31, 2006. UNVA submitted its application for a new grant of accreditation on or about May 1, 2006.

11.    The record relating to UNVA pertinent to this matter is contained in 28 bound volumes submitted herewith. Those volumes contain true and accurate copies of the record, and are collectively referred to as **Exhibit C** hereto. A true and accurate copy of the designation of the Record Under Review before the Review Board is attached as **Exhibit D** hereto.

12.    Pursuant to ACICS's procedures, a new grant evaluation team visited the institution in May 2006 and prepared and submitted its New Grant Evaluation Report. **Exhibit C**, Binder 2 at 000212 - 000263. The evaluation team identified 46 citations of noncompliance with the Accreditation Criteria. *Id.*   On or about July 14, 2006, UNVA submitted its documentation and written response to the New Grant Evaluation Report. **Exhibit C**, Binders 3 - 9 at 000264 - 001881.    The report and supporting materials, along with UNVA's responsive materials, were reviewed by the Council at its August 2006 meeting, resulting in findings by the Council of 29 citations of noncompliance with the Accreditation Criteria. Based upon those

4

findings, the Council decided to deny the institution's application for a new grant of accreditation. On August 11, 2006, the Council advised UNVA of its findings and decision in writing, and further advised UNVA of its right to appeal that decision. **Exhibit C**, Binder 10 at 001901 - 001907.

13.     UNVA notified the Council that it would exercise its right to appeal the August 11, 2006 decision, and that it would do so in person at the Council's next meeting. On or about November 7, 2006, UNVA submitted its documentation and written response to the August 11, 2006 decision, and the appeal hearing was held before a panel of the Council on November 29, 2006. **Exhibit C**, Binders 11 - 22 at 001908 - 006294 (UNVA submission); Binder 23 at 006320 - 006444 (Nov. 29, 2006 Hearing Transcript). UNVA was represented at the appeal hearing by its Chancellor, Dr. Fay Avery, its Vice President for Academic Theaters, Dr. Ray Hackett, and its counsel, Mr. Stanley Freeman. **Exhibit C**, Binder 23 at 006321 - 006322.

14.     As a result of its thorough and considered review of all materials before it at the November 2006 hearing, the Council on appeal found 22 remaining citations of violations of the Accreditation Criteria. In an effort to provide the institution with every opportunity to come into compliance, however, the Council deferred the denial of a new grant of accreditation for two Council meeting cycles and placed the institution on probation with an extended grant to August 31, 2007. Absent that extension by the Council, UNVA's original grant of accreditation would have expired on December 31, 2006. The Council notified the institution of its decision in writing on December 13, 2006. **Exhibit C**, Binder 23 at 006445 - 006450. The December 13, 2006 notice specifically provided that

> the institution will have until June 30, 2007 to respond to the areas that are identified within this letter. The institution will <u>also</u> be required to undergo a full evaluation visit by a team during May/June 2007 at the main campus located in Manassas, Virginia. In order for the Council to lift the probationary action, the

institution must submit the following information by June 30, 2007, and demonstrate full compliance with all remaining areas of non-compliance, as well as any areas of deficiency that are found by the team during the May/June 2007 visit. (emphasis added).

*Id.* The Council thus made it clear that the institution would have to respond to the citations contained in that letter as well as any that may result from the May/June 2007 visit. *Id.*

15.     As announced in the December 13, 2006 notice, an ACICS team of evaluators conducted a special visit on May 29 - 31, 2007, and submitted their findings in their Special Visit Evaluation Report. **Exhibit C**, Binder 23 at 006451 - 006491. The May 2007 team noted 14 citations of violations of the Accreditation Criteria. *Id.* On June 29, 2007, the institution submitted its response to the December 13, 2006 notice (**Exhibit C**, Binders 25 - 26 at 006732 - 007874), and on July 13, 2007 the institution submitted its response to the May 2007 Special Visit Evaluation Report (**Exhibit C**, Binder 24 at 006492 - 006731). A second hearing before a panel of the Council was then held on August 3, 2007. **Exhibit C**, Binder 27 at 007899 - 007963. UNVA was represented at that hearing by its Chancellor, Dr. Fay Avery, the President of its Manassas campus, Dr. Joseph Drew, its Associate Vice President for Academic Affairs, Dr. Benjamin Davis, and its Director for Accreditation, Dr. Ata Doven. **Exhibit C**, Binder 27 at 007902 - 007903.

16.     Upon careful consideration of all testimony and information in connection with the entire new grant process, which extended over a year in this case because of the Council's decision to allow the institution additional time to come into compliance, the Council found 15 remaining citations of noncompliance with the Accreditation Criteria unaddressed as of August 2007. Nine of those citations remain from the December 13, 2006 notice, and the additional 6 were noted during the May 2007 special visit. Accordingly, the Council decided to affirm the denial of a new grant of accreditation and notified UNVA of its decision in writing on August 7,

2007. **Exhibit C**, Binder 27 at 007964 - 007966.  The Council further notified UNVA of its right to appeal the decision to the Review Board. *Id.*

17.     UNVA notified the Council of its desire to appear before the Review Board, and a hearing date was set for October 2, 2007.  UNVA submitted its appeal brief on September 17, 2007 (**Exhibit C**, Binder 28 at 007967 - 008000), and ACICS filed its brief in response on September 25, 2007 (**Exhibit C**, Binder 28 at 008001 - 008018).  The hearing before the Review Board was held on October 2, 2007, at which UNVA was represented by its counsel, R. Scott Caulkins, Esquire and Lee Goodman, Esquire, as well as several representatives from the institution.  **Exhibit C**, Binder 28 at 008019 - 008112 (October 2, 2007 Hearing Transcript). ACICS was represented before the Review Board by Kenneth J. Ingram, Esquire and Michael C. Gartner, Esquire.  *Id.*  Upon consideration of all evidence before it, the Review Board affirmed the decision of the Council, which affirmance was communicated to UNVA in writing on October 5, 2007.  (**Exhibit C**, Binder 28 at 008113 - 008117).  UNVA's accreditation ended under ACICS's procedures on October 3, 2007. *Id.*

18.     ACICS accredited and applying institutions, including UNVA, are on notice that ACICS is sustained by fees and charges paid by its member institutions.  The ACICS Bylaws specifically provide for annual sustaining fees, user (or service) fees, and late fees relating to the costs for services associated with membership or application for membership in ACICS.  **Exhibit B**, Bylaws Article VI, Sections 3 - 8.  In addition to the Bylaws, ACICS publishes on its website a schedule of current fees.  A true copy of the Fees Schedule is appended as **Exhibit E** hereto.

19.     The Bylaws further provide for payment, in advance, of all costs incurred by ACICS for site visits.  **Exhibit B**, Bylaws Article VI, Section 7.  The $4,800 charge to UNVA for the Prague site visit, therefore, is specifically authorized.  The site visit was cancelled due to

7

UNVA's probationary status, and the $4,800 deposit paid by UNVA was refunded upon such cancellation. A true copy of refund check is attached as **Exhibit F** hereto.

20.     The ACICS staff provides administrative and functional assistance to the Council. There is no rule or prohibition regarding communications between the staff and the Council. The staff involvement as to UNVA has been no different than the role played by the staff in any other matter. The ACICS staff is a resource to the Council, but it does not make accreditation determinations and it does not seek to improperly influence the Council. The staff had no interaction with the Review Board, other than making logistical arrangements and exchanging social pleasantries. The Review Board was provided the parties' briefs and the Record Under Review, and the Review Board members met and considered the issues on their own.

21.     On August 7, 2007, the day of the decision to affirm the denial of reaccreditation, a financial show cause was issued to UNVA as a result of the institution's failure to submit annual financial reports for its branch campuses as required by the *Accreditation Criteria*. A true copy of the show cause directive is attached as **Exhibit G** hereto. Further, there are significant concerns regarding the annual financial report that was submitted for the main campus.

22.     ACICS continues to receive complaints from students in this country and abroad regarding various alleged misrepresentations by UNVA regarding its programs and recognition of degrees issued by it.

Under penalty of perjury, I declare pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Dated: November 1, 2007

_____
Sheryl L. Moody, Executive Director
Accrediting Council for
Independent Colleges and Schools

*1212*

8