## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| THE UNIVERSITY OF NORTHERN VIRGINIA, INC.<br><br>Plaintiff,<br><br>v.<br><br>ACCREDITING COUNCIL FOR INDEPENDENT COLLEGES AND SCHOOLS<br><br>Defendant. | Civil Action No. 1:07cv1057 |

### PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF
### MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

Plaintiff, The University of Northern Virginia, Inc. ("UNVA") respectfully submits this Reply in Support of its Motion for Preliminary Injunctive Relief against the Defendant, Accrediting Council of Independent Colleges and Schools ("ACICS").

### INTRODUCTION

ACICS's Memorandum of Points and Authorities in Opposition to UNVA's Motion for Preliminary Injunctive Relief (hereinafter "ACICS's Response") ignores many of UNVA's argument in support of injunctive relief. ACICS's Response first downplays the imminent and immediate harm UNVA will suffer without injunctive relief and advances only speculative and unrealistic theories of the harm ACICS may suffer if a preliminary injunction is granted. ACICS's Response further ignores UNVA's strong likelihood of success on the merits. Injunctive relief is proper in this case.

# ARGUMENT

### I. ACICS fails to address the imminent and irreparable harm UNVA will suffer without injunctive relief.

ACICS's Response mischaracterizes the irreparable harm UNVA will suffer as either (1) speculative and unsubstantiated or (2) purely economic. ACICS's Response fails to address the fact that denial of reaccreditation will result in UNVA's international campuses closing.[1] "If the moving party's business could not survive absent a preliminary injunction…the requirement of irreparable injury may be satisfied." *Cornwell v. Sachs*, 99 F. Supp. 2d 695, 703 (E.D. Va. 2000). Accreditation, which is vital to UNVA's domestic campuses, is *critical* to the survival of the international campuses. Barring preliminary injunctive relief, all four international campuses may close before this case is decided on the merits.

ACICS also implies that a school seeking a preliminary injunction to prevent loss of accreditation can demonstrate irreparable harm solely through the loss of Title IV funding. (ACICS Response, p. 12-13). ACICS cites two court decisions for this proposition: *Edward Waters College, Inc. v. The Southern Association of Colleges and Schools, Inc.*, 2005 U.S. Dist. LEXIS 39443 (M.D. Fla. 2005) and *Florida College of Business v. Accrediting Council for Independent Colleges and Schools*, 1996 U.S. Dist. LEXIS 20426 (S.D. Fla. 2006). The courts in those cases did not find that the loss of Title IV funding is the only form of irreparable harm; rather, the courts found that both institutions demonstrated irreparable harm by showing they were critically reliant on Title IV funding.[2] UNVA students do not currently receive Title IV funding; however, UNVA has four international campuses that are dependent on American

---

[1] UNVA's Hong Kong campus has already closed. (Avery Deposition, p. 44). The London campus may close shortly if accreditation is not reinstated because the British Accreditation Council requires accreditation status. (Avery Deposition, pp. 26, 44). The Prague and Cyprus campuses may follow. (Avery Deposition, p. 44; Young Declaration, ¶¶ 6, 7).

[2] There is no indication from the opinions that either institution had international campuses as does UNVA.

accreditation. UNVA faces irreparable harm by the impact of the loss of accreditation on its international campuses.

Next, ACICS minimizes the damage UNVA faces to its reputation and miscasts UNVA's reputation as that of a school in constant jeopardy. ACICS appears to suggest that because UNVA spent one year on probationary status its reputation is thus so circumspect that ACICS's wrongful denial of accreditation could not possibly injure it. That suggestion is specious. The difference between an accredited school on probation and one whose accreditation has been terminated is as marked as the difference between a student on academic probation still attending classes and a student who has been expelled and barred from campus. Throughout its probationary period, UNVA's reputation as an effective educational institution prospered and it attracted students worldwide. Now that reputation – in the local Northern Virginia campuses and community, and internationally – is in danger. Courts have granted preliminary injunctions based in part on the damage an institution will suffer to its reputation. *Dillard University v. Lexington Insurance Company et al.*, 466 F. Supp. 2d 723 (E.D. La. 2006) (irreparable injury was shown through the school's risk of losing its accreditation, *its reputation*, and its students and faculty); *W. State Univ. of S. Cal. v. ABA*, 301 F. Supp. 2d 1129, 1138 (C.D. Cal. 2004) (loss of *reputation* and good will resulting from the loss of accreditation could be very damaging to the institution); *Florida College of Bus.*, 1996 U.S. Dist. LEXIS 20426 (the school's *reputation* in the local community and academic community would be tainted by the loss of accreditation even if it were later successful on the merits).

Finally, ACICS contends that since UNVA has requested monetary damages in the Verified Complaint, this demonstrates that "injunctive relief is not appropriate." The Verified Complaint also includes a prayer for permanent injunctive relief. ACICS ignores the fact that

UNVA has asserted state law claims for breaches of duties throughout the four-year relationship, not solely for denial of accreditation, and UNVA appropriately seeks monetary relief for those distinct claims. When it comes to accreditation, there is much more at stake than the loss of tuition payments for both the university and its students. Moreover, the impact of the loss of accreditation while this case is pending may make it impossible to seek accreditation elsewhere. UNVA's need for injunctive relief to stem the harm ACICS's wrongful actions have caused is not ameliorated by a prayer for monetary relief for those aspects of harm that are compensable.

## II. Any possible harm to ACICS is either speculative or extremely unlikely.

There is a decided imbalance of harm in favor of UNVA. ACICS has failed to show that it will suffer any harm by the issuance of preliminary injunctive relief. After dismissing UNVA's reputational harm as "speculative," ACICS argues that *its reputation* would be damaged if it were ordered to reinstate UNVA's accreditation. To suggest that an accrediting body that accredits 685 institutions would suffer irreparable harm to its reputation by a grant of a temporary injunction reinstating the accreditation of one of those institutions strains credulity. UNVA has been accredited by ACICS for over four and a half years. ACICS has acknowledged that UNVA is a better institution than it was when ACICS initially accredited it in 2003.[3] A preliminary injunction will merely maintain the pre-October 2007 status quo until this case can be decided on the merits and will not harm ACICS's "reputation." ACICS engages in further speculation when it raises the false specter of class action lawsuits against it. There is no evidence in the record to support ACICS's conjecture that it may face individual or class action lawsuits for "negligent accreditation" from UNVA's students. Moreover, it is equally unbelievable that the Secretary of Education would revoke ACICS's accreditation and

---

[3] UNVA's Brief in Support of its Appeal before the Review Board, pp. 2-5. ACICS's Response Brief in Opposition to UNVA's Appeal before the Review Board, p. 6. ACICS Counsel's Oral Presentation before Review Board.

"jeopardize access to federal student aid for more than a half million students" based solely on this court's grant of a preliminary injunction until this case can be decided on the merits. These are speculative, unsupported claims. In short, ACICS has not shown that it will suffer harm by the grant of preliminary injunctive relief.

### III.   ACICS fails to rebut UNVA's likelihood of success on the merits.

UNVA filed a Verified Complaint consisting of four counts. Count I and Count II advance UNVA's state law claims against ACICS.[4] Count III alleges that UNVA's common law due process rights have been violated.[5] ACICS's Response mischaracterizes UNVA's arguments on the likelihood of success.

UNVA is neither asking this court to conduct a *de novo* review of UNVA's substantive qualifications for accreditation nor asking this court to substitute its academic judgment for that of ACICS (ACICS Response, p. 19). Rather, UNVA is asking this court to examine ACICS's accreditation *process* and determine whether ACICS's conduct was arbitrary, unreasonable, an abuse of discretion, or unsupported by substantial evidence. *See Thomas M. Cooley Law Sch. v. ABA*, 459 F.3d 705 (6th Cir. 2006). ACICS acknowledges that this court should review ACICS's actions to ensure they "comport with general procedural fairness" and that ACICS followed its own rules and procedures. (ACICS Response, p. 20). UNVA has raised serious and substantial questions regarding the arbitrariness of ACICS's accreditation process and regarding an accreditation decision unsupported by substantial evidence.

---

[4] Count I and II advance breach of contract claims for ACICS's violation of its own rules and regulations. ACICS acknowledges that a private membership contract exists between it and UNVA. (ACICS Response, p. 5). At trial, UNVA will show ACICS breached that contract and monetary damages are appropriate.

[5] Count IV alleges a violation of UNVA's Constitutional due process rights. As noted in UNVA's opening memorandum (p. 17, Footnote 2), recent case law holds that a "nominally private entity" may be a state actor when "entwined with governmental policies." *Brentwood Academy v. Tenn. Secondary School Athletic Assoc.*, 531 U.S. 288 (2001). ACICS's Response acknowledges the strong influence the Department of Education's policies have over it. (ACICS Response, pp. 17, 19). However, because there is no dispute that a common law due process claim lies, it is not necessary for the court to decide this issue at the preliminary injunction stage.

**A. The citations were arbitrary.**

An accrediting body must follow its own rules in reaching an accreditation decision, and not act arbitrarily. *Wilfred Academy of Hair & Beauty Culture v. Southern Ass'n of Colleges & Schools*, 957 F.2d 210 (5th Cir. 1992). ACICS does not address the numerous instances of arbitrary conduct cited by UNVA, and the instances in which ACICS failed to follow its own standards and procedures.

ACICS's Response mischaracterizes UNVA's arguments regarding the IRC Review Sheets. These Review Sheets were considered *part of the official record* in this case and cited as evidence in the record relied upon ACICS in denying accreditation. Yet they were not provided or shown to UNVA before the August 3, 2007 Council hearing or August 7, 2007 Council decision. It was fundamentally unfair for the Council to base its decision upon information that was patently false and never provided to UNVA. The Review Sheets, which contained inaccurate information, were relied on as evidence by both the Council and the Review Board, but UNVA was not afforded the opportunity to address and correct the false statements in the Review Sheets.[6] That is the basis for UNVA's challenge to the Review Sheets. Notice and an opportunity to respond are essential elements of due process. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985).

The off-the-record communications were not limited to the IRC Review Sheets. ACICS acknowledges there were such communications but tries to minimize their significance by arguing they are an integral part of the process and were not intended to influence the Council or the Review Board. It is already known that the IRC Review Sheets were substantive and were

---

[6] In fact, in ACICS's brief to the Review Board, the Review Sheets were cited as evidence from the record upon which the Review Board was asked to rely. (See ACICS's Response Brief in Opposition to UNVA's Appeal before the Review Board, p. 13).

6

relied upon by the ACICS Council and the Review Board.  UNVA requested that ACICS produce all communications between ACICS staff and the Council, as well as staff and the Review Board, but ACICS denied UNVA's request.  ACICS's Response analogizes a prohibition on such conversations to "forbidding judges from speaking with their law clerks."  Unlike a law clerk, ACICS staff are individuals who have developed personal opinions about UNVA through several years of direct interaction with the member institution.  They are more like witnesses than neutral law clerks.  Law clerks do not spend years working directly with a litigant before advising the decision-maker.  Moreover, communications between judges and law clerks are not later cited as evidence in an appeal – in a fair process, the evidence is what all parties have an opportunity to review and respond to.  Once again, UNVA was not given notice of the information in these communications and therefore was never afforded any opportunity to respond to factual inaccuracies or biases that were considered by the Council and Review Board.  UNVA had a right to have only evidence of which it had notice and an opportunity to answer be considered, and it had a right to a "separate, independent appeals body."[7]  The fact that the only question asked by the Review Board at the hearing pertained to a show cause directive that had absolutely nothing to do with the citations demonstrates the potential influence these off-the-record communications had on the Board.

**B. The citations were unsupported by substantial evidence.**

ACICS's Response fails to address or even acknowledge the patent contradictions between the May 2007 Special Visit Report and the August 7, 2007 denial letter.  An abuse of discretion may be found when an entity's decision was made "without a rational explanation…or rested upon an impermissible basis such as invidious discrimination."  *Thomas M. Cooley Law Sch. v. ABA*, 376 F. Supp. 2d 758, 773 (W.D. Mich. 2005).  A federal court granted Florida

---

[7] Accreditation Criteria §§ 2-3-603, 2-3-601.

College of Business a preliminary injunction against ACICS upon the school's showing that *two* of the thirteen areas cited for non-compliance were not supported by substantial evidence. *Florida College of Bus.*, 1996 U.S. Dist. LEXIS at 7. *Six* of the fifteen citations in the August 7, 2007 denial letter are not only unsupported by substantial evidence, but *directly contradicted* by the May 2007 Special Visit Report. UNVA has also raised serious questions as to the merits of other citations and whether the citations were merely pretext for the denial. There is no rational explanation for ACICS's decision in light of these contradictions and once again ACICS fails to address it.

**IV.     ACICS fails to demonstrate the public interest is served through a denial of injunctive relief.**

ACICS's Response characterizes the compelling public interest in this case as only ACICS being forced to recognize UNVA when UNVA is allegedly not in compliance. The more compelling public interest is served by (1) showing that an accrediting body recognized by the U.S. Department of Education is fair, (2) protecting the interests of over a thousand students currently enrolled in, and invested in, a UNVA degree program; (3) preserving important educational opportunities for students in the Northern Virginia area; and (4) not forcing UNVA to have to close its foreign campuses while this case is being litigated.

## CONCLUSION

WHEREFORE, for the reasons stated herein and more fully discussed in its Memorandum in Support of Motion for Preliminary Injunctive Relief, UNVA respectfully requests that this Court grant a preliminary injunction requiring ACICS to reinstate and maintain UNVA's accreditation as an institution of higher learning during the pendency of this case.

Respectfully submitted,

THE UNIVERSITY OF NORTHERN VIRGINIA, INC.

By counsel

LECLAIRRYAN
A Professional Corporation


By: _____/s/_____
R. Scott Caulkins (VSB No. 23584)
Lee E. Goodman (VSB No. 31695)
Joanna L. Faust (VSB No. 72930)
225 Reinekers Lane, Suite 700
Alexandria, Virginia 22314
(703) 684-8007 (Telephone)
(703) 684-8075 (Fax)
*Counsel for Plaintiff*

## CERTICIATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served through the Court's electronic filing system and a hand copy was delivered this 5th day of November, 2007 to:

Michael C. Gartner, Esq.
Kenneth J. Ingram, Esq.
WHITEFORD, TAYLOR & PRESTON, LLP
3190 Fairview Park Drive, Suite 300
Falls Church, Virginia 22042

_____/s/_____
R. Scott Caulkins (VSB No. 23584)
LeClairRyan, A Professional Corporation
225 Reinekers Lane, Suite 700
Alexandria, Virginia 22314
(703) 684-8007 (Telephone)
(703) 684-8075 (Fax)
scott.caulkins@leclairryan.com
*Counsel for Plaintiff*