**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| THE UNIVERSITY OF ) <br> NORTHERN VIRGINIA, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> v.  ) <br> ) <br> ACCREDITING COUNCIL FOR ) <br> INDEPENDENT COLLEGES ) <br> AND SCHOOLS, ) <br> ) <br> Defendant. ) <br> _____ ) | Civil Action No.: 1:07cv1057 |

**DEFENDANT'S ANSWER TO
PLAINTIFF'S VERIFIED COMPLAINT**

Defendant Accrediting Council for Independent Colleges and Schools (hereinafter "ACICS" or the "Council"), by and through its undersigned counsel, hereby submits its Answer to Plaintiff The University of Northern Virginia, Inc.'s (hereinafter "UNVA") Verified Complaint and, in support thereof, states as follows:[1]

1. Defendant denies the allegations contained in the "Introduction" paragraph at the beginning of the Complaint. Defendant further denies any and all demands for relief.

2. The allegations contained in the first three sentences of paragraph 1 of the Complaint are admitted upon information and belief. The allegations contained in the last sentence of paragraph 1 of the Complaint are denied.

3. The allegations contained in paragraph 2 of the Complaint are admitted.

4. The allegations contained in paragraph 3 of the Complaint state a legal conclusion

---

[1] ACICS is filing contemporaneously herewith its Partial Motion to Dismiss as to Counts I and IV of the Complaint, and by filing this Answer ACICS does not waive any defenses or arguments raised therein, nor does it admit that the

to which no response is necessary. To the extent a response may be required, those allegations are denied.

5. The allegations contained in paragraph 4 of the Complaint state a legal conclusion to which no response is necessary. To the extent a response may be required, those allegations are admitted.

6. The allegations contained in paragraph 5 of the Complaint state a legal conclusion to which no response is necessary. To the extent a response may be required, those allegations are admitted.

7. The allegations contained in the first sentence of paragraph 6 of the Complaint are admitted. The remaining allegations contained in paragraph 6 of the Complaint are denied.

8. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the Complaint and, on those grounds, denies same.

9. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint and, on those grounds, denies same.

10. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of the Complaint and, on those grounds, denies same.

11. The allegations contained in paragraph 10 of the Complaint are admitted.

12. The allegations contained in paragraph 11 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response may be deemed necessary,

---

Complaint adequately states any claim upon which relief may be granted.

denied.

13.     Defendant admits that Plaintiff has paid certain dues and fees in connection with its accreditation and the accreditation process. The remaining allegations contained in paragraph 12 of the Complaint are denied.

14.     The allegations contained in paragraphs 13 and 13a through 13j are denied. Further, Plaintiff's characterization, interpretation, and representations of any sections of the Accreditation Criteria are denied and Defendant states that the Accreditation Criteria speak for themselves.

15.     The allegations contained in paragraphs 14 and 14a through 14o are denied. Further, Plaintiff's characterization, interpretation, and representations of any sections of the Accreditation Criteria and/or any appendices or ACICS policies and procedures are denied and Defendant states that the Accreditation Criteria, appendices, and policies and procedures speak for themselves.

16.     The allegations contained in paragraph 15 of the Complaint are denied.

17.     The allegations contained in paragraph 16 of the Complaint are denied.

18.     Defendant admits that its Bylaws are incorporated into the Accreditation Criteria. Defendant admits that the quoted language contained in paragraph 17 of the Complaint, without the emphasis, resembles language contained in the Preface to the Bylaws, but denies that the quote is accurate. Defendant states further that the Bylaws speak for themselves.

19.     Defendant admits that the standards for accreditation are contained in the Accreditation Criteria. Defendant denies the remaining allegations contained in paragraph 18 of the Complaint.

20.     The allegations contained in paragraph 19 of the Complaint are admitted.

21.     Defendant admits that policies and standards are set forth in the Accreditation Criteria. Defendant denies Plaintiff's selective quotation, characterization, and/or interpretation of any portions of the Accreditation Criteria as set forth in paragraphs 20 and 20a through 20e of the Complaint and states that the Accreditation Criteria speaks for itself. The remaining allegations contained in paragraphs 20 and 20a through 20e of the Complaint are denied.

22.     The allegations contained in paragraph 21 of the Complaint are denied.

23.     Defendant admits that the Accreditation Criteria contains Sections 2-1-501 and 2-1-700. Defendant denies Plaintiff's selective quotation, characterization, and/or interpretation of any portions of the Accreditation Criteria as set forth in paragraph 22 of the Complaint and states that the Accreditation Criteria speaks for itself. The remaining allegations set forth in paragraph 22 of the Complaint are denied.

24.     Defendant admits that the Accreditation Criteria contains Sections 2-1-500. Defendant denies Plaintiff's selective quotation, characterization, and/or interpretation of any portions of the Accreditation Criteria as set forth in paragraph 23 of the Complaint and states that the Accreditation Criteria speaks for itself. The remaining allegations set forth in paragraph 23 of the Complaint are denied.

25.     Defendant admits that the Accreditation Criteria contains Section 2-3-404. Defendant denies Plaintiff's selective quotation, characterization, and/or interpretation of any portions of the Accreditation Criteria as set forth in paragraph 24 of the Complaint and states that the Accreditation Criteria speaks for itself. The remaining allegations set forth in paragraph 24 of the Complaint are denied.

26.     Defendant admits that it is recognized by the U.S. Department of Education and that it adheres to U.S. DOE procedural requirements for recognized accrediting agencies in all its

accreditation practices. Defendant denies the allegations contained in the second sentence of paragraph 25 of the Complaint. The allegations contained in paragraphs 25a through 25e of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed necessary, those allegations are denied.

27.     Defendant admits that it adheres to accreditation standards of the Council for Higher Education Accreditation. Defendant denies Plaintiff's selective quotation, characterization, and/or interpretation of any portions of CHEA's standards and/or policies as set forth in paragraphs 26a through 26e of the Complaint and states that those standards and/or policies speak for themselves. The remaining allegations set forth in paragraph 26 and 26a through 26e of the Complaint are denied.

28.     The allegations contained in paragraph 27 of the Complaint are denied.

29.     The allegations contained in paragraph 28 of the Complaint are denied.

30.     The allegations contained in paragraph 29 of the Complaint are admitted.

31.     Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 30 of the Complaint and, on those grounds, denies same. Defendant admits, however, that Plaintiff at some point submitted a self study report.

32.     Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of the Complaint and, on those grounds, denies same.

33.     Defendant denies the allegations contained in paragraph 32 of the Complaint as phrased. Defendant admits that Plaintiff's application for a new grant of accreditation was denied in August 2006. Defendant admits that Plaintiff's accreditation remained in place during

the appeal process.  Defendant admits that Plaintiff was given the opportunity to submit materials and information in support of its appeal.

34. Defendant admits that Plaintiff submitted written materials in connection with its appeal and that a hearing was held before a panel of the Council on November 29, 2006 at which Plaintiff was represented by certain of its officers and by legal counsel.  The remaining allegations contained in paragraph 33 of the Complaint are denied.

35. Defendant admits that on appeal the Council extended Plaintiff's grant of accreditation on a conditional and probationary basis.  Defendant admits that Plaintiff was advised that another site visit would take place in May/June 2007.  Defendant admits that Plaintiff was permitted to submit additional information and materials in support of its efforts to obtain a new grant of accreditation.  Defendant admits that a letter was issued to Plaintiff dated December 13, 2006.  The remaining allegations set forth in paragraph 34 of the Complaint are denied.

36. Defendant admits that an evaluation team conducted a site visit at Plaintiff's location in May 2007.  Defendant admits that the evaluation team reviewed certain materials and prepared its report.  The remaining allegations set forth in paragraph 35 of the Complaint are denied.

37. Defendant admits the May 2007 team noted at least 13 citations of noncompliance with the Accreditation Criteria.  The remaining allegations contained in paragraph 36 of the Complaint are denied.

38. The allegations contained in paragraph 37 of the Complaint are denied.

39. Defendant admits that Plaintiff submitted materials relating to the May 2007 site visit report.  The remaining allegations contained in paragraph 38 of the Complaint are denied.

40. Defendant admits that Plaintiff submitted materials relating to the December 13, 2006 Council letter. The remaining allegations contained in paragraph 39 of the Complaint are denied.

41. Defendant admits that another hearing was held before a panel of the Council on or about August 3, 2007 at which Plaintiff was represented by certain of its officers and/or agents. The remaining allegations contained in paragraph 40 are denied.

42. The allegations contained in paragraph 41 of the Complaint are denied.

43. Defendant admits that IRC review sheets were prepared prior to the August 3, 2007 hearing. The remaining allegations contained in paragraph 42 of the Complaint are denied.

44. The allegations contained in paragraph 43 of the Complaint are denied.

45. Defendant admits that the IRC review sheets were available to the Council prior to the August 3, 2007 hearing. The remaining allegations contained in paragraph 44 of the Complaint are denied.

46. Defendant admits that the IRC Review Sheets were not provided to Plaintiff prior to the August 3, 2007 hearing. The remaining allegations contained in paragraph 45 of the Complaint are denied.

47. The allegations contained in paragraph 46 of the Complaint are denied.

48. The allegations contained in paragraph 47 of the Complaint are denied.

49. Defendant denies that any improper communications occurred, and therefore denies the allegations contained in paragraph 48 of the Complaint.

50. The allegations contained in paragraph 49 of the Complaint are denied.

51. The allegations contained in paragraph 50 of the Complaint are denied.

52. Defendant admits that the IRC Review Sheets were designated as a part of the

Record Under Review before the Review Board. The remaining allegations contained in paragraph 51 of the Complaint are denied.

53. The allegations contained in paragraph 52 of the Complaint are denied.

54. The allegations contained in paragraph 53 of the Complaint are denied.

55. The allegations contained in paragraph 54 of the Complaint are admitted.

56. Defendant admits that the August 7, 2007 denial letter identified 15 areas of noncompliance with the Accreditation Criteria. The remaining allegations contained in paragraph 55 of the Complaint are denied.

57. The allegations contained in paragraphs 56 and 56a through 56f are denied. Further, Defendant denies the allegations of "contradictions" between the citations and the factual record and denies any implication that the Council's decision was improper and/or was not supported by substantial evidence.

58. The allegations contained in paragraphs 57 and 57a through 57c of the Complaint are denied.

59. The allegations contained in paragraph 58 of the Complaint are denied.

60. The allegations contained in paragraph 59 of the Complaint are denied.

61. The allegations contained in paragraph 60 of the Complaint are denied.

62. The allegations contained in paragraph 61 of the Complaint are denied as phrased. Defendant admits that Plaintiff was given a hearing before the Review Board on October 2, 2007 at which it was represented by certain of its officers and its legal counsel.

63. Defendant admits that the Accreditation Criteria contains Section 2-3-601. Defendant denies Plaintiff's selective quotation, characterization, and/or interpretation of any portions of the Accreditation Criteria as set forth in paragraph 62 of the Complaint and states that

the Accreditation Criteria speaks for itself. Defendant admits the allegations contained in the last sentence of paragraph 62.

64. Defendant admits that the Accreditation Criteria contains Section 2-3-603. Defendant denies Plaintiff's selective quotation, characterization, and/or interpretation of any portions of the Accreditation Criteria as set forth in paragraph 63 of the Complaint and states that the Accreditation Criteria speaks for itself.

65. Defendant admits that the Accreditation Criteria contains Section 2-3-603. Defendant denies Plaintiff's selective quotation, characterization, and/or interpretation of any portions of the Accreditation Criteria as set forth in paragraph 64 of the Complaint and states that the Accreditation Criteria speaks for itself.

66. The allegations contained in paragraph 65 of the Complaint are denied.

67. The allegations contained in paragraph 66 of the Complaint are denied.

68. The allegations contained in paragraph 67 of the Complaint are denied.

69. Defendant admits that the Review Board affirmed the Council's decision. The remaining allegations contained in paragraph 68 of the Complaint are denied.

70. Defendant denies Plaintiff's characterization of the decision of the Review Board and states that the decision speaks for itself. The remaining allegations contained in paragraph 69 of the complaint are denied.

71. The allegations contained in paragraph 70 of the Complaint are denied.

72. The allegations contained in paragraph 71 of the Complaint are denied.

## **Count I**

73. No response is required at this time to the allegations contained in paragraphs 72 through 74 of the Complaint, as those allegations are the subject of a Motion to Dismiss being

filed by Defendant contemporaneously herewith.

## Count II

74. Defendant refers to and incorporates its responses above in response to paragraph 75 of the Complaint.

75. The allegations contained in paragraphs 76 and 76a through 76i of the Complaint are denied.

76. The allegations contained in paragraphs 77 and 77a through 77e of the Complaint are denied.

77. The allegations contained in paragraph 78 of the Complaint are denied.

## Count III

78. Defendant refers to and incorporates its responses above in response to paragraph 79 of the Complaint.

79. The allegations contained in paragraphs 80 and 80a through 80j of the Complaint are denied.

80. The allegations contained in paragraph 81 of the Complaint are denied.

81. The allegations contained in paragraph 82 of the Complaint are denied.

82. The allegations contained in paragraph 83 of the Complaint are denied.

## Count IV

83. No response is required at this time to the allegations contained in paragraphs 84 through 87 of the Complaint, as those allegations are the subject of a Motion to Dismiss being filed by Defendant contemporaneously herewith.

## Prayer for Relief

84. Defendant denies all *ad damnum* clauses and demands for relief.

85. All allegations not specifically admitted above are denied.

## Affirmative Defenses

1. The allegations contained in the Complaint fail to state claims upon which relief may be granted as a matter of law.

2. Plaintiff is not entitled to the relief sought.

3. This Court lacks subject matter jurisdiction over some or all of the claims set forth in the Complaint.

4. Plaintiff's claims are barred to the extent they constitute an effort to enforce requirements contained in the Higher Education Act and there is no private right of action thereunder.

5. Plaintiff's demands for injunctive relief must be denied because Plaintiff has an adequate remedy at law.

6. Plaintiff's claims are barred by its own actions and conduct which are the proximate cause of any alleged harm it claims.

7. Plaintiff's claims are barred by its own material breaches and failure to comply with the *Accreditation Criteria* and Bylaws that govern the relationship between the parties in this matter.

8. Plaintiff's claims are barred by its failure to mitigate any alleged damages.

9. Plaintiff's constitutional due process claims are barred because Defendant is not a state actor.

10. Defendant reserves the right to raise all additional defenses that may be applicable up to the time of trial in this matter.

WHEREFORE, having fully responded, Defendant Accrediting Council for Independent

Colleges and Schools respectfully requests that the Complaint be dismissed with prejudice in its entirety, that Defendant be awarded its costs for having to defend this matter, including reasonable attorney's fees, and that Defendant be granted such other and further relief as the Court deems just and proper.

Respectfully submitted,

**ACCREDITING COUNCIL FOR INDEPENDENT COLLEGES AND SCHOOLS**
By counsel

_____/s/ Michael C. Gartner_____
Michael C. Gartner, Esquire (Va. Bar No. 41463)
Kenneth J. Ingram, Esquire (Va. Bar No. 21293)
WHITEFORD, TAYLOR & PRESTON, LLP
3190 Fairview Park Drive, Suite 300
Falls Church, Virginia 22042
(703) 573-1217 (voice)
(703) 573-1287 (facsimile)
mgartner@wtplaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served through the Court's electronic filing system this 21st day of November, 2007 to:

>R. Scott Caulkins, Esquire
>Lee Goodman, Esquire
>LeClairRyan
>225 Reinekers Lane, Suite 700
>Alexandria, Virginia 22314

>_____/s/ Michael C. Gartner_____
>Michael C. Gartner, Esquire (Va. Bar No. 41463)
>WHITEFORD, TAYLOR & PRESTON, LLP
>3190 Fairview Park Drive, Suite 300
>Falls Church, Virginia 22042
>(703) 573-1217 (voice)
>(703) 573-1287 (facsimile)
>mgartner@wtplaw.com
>*Counsel for Defendant Accrediting Council for Independent Colleges and Schools*

*1699*