IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| THE UNIVERSITY OF NORTHERN VIRGINIA, INC. | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No.: 1:07cv1057 |
| | ) |
| ACCREDITING COUNCIL FOR INDEPENDENT COLLEGES AND SCHOOLS, | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

**DEFENDANT'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS**

Defendant Accrediting Council for Independent Colleges and Schools (hereinafter "ACICS" or the "Council"), by and through its undersigned counsel, hereby submits, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, its Memorandum of Points and Authorities in Support of its Partial Motion to Dismiss as to Counts I and IV of Plaintiff The University of Northern Virginia, Inc.'s (hereinafter "UNVA") Verified Complaint and, in support thereof, states as follows:

**INTRODUCTION**

UNVA is a proprietary educational institution formerly accredited by ACICS. On August 7, 2007, after over one year of proceedings in accordance with ACICS's standards and procedures, ACICS issued a decision affirming the denial of UNVA's application for a new grant of accreditation. UNVA pursued an administrative appeal of that decision, and an appeal hearing was held before a panel of the ACICS Review Board on October 2, 2007. The Review Board

issued its ruling affirming the Council's August 7, 2007 decision on October 5, 2007. Plaintiff now seeks injunctive relief and monetary damages in connection with the loss of its accreditation by way of a four count Complaint. As set forth herein, however, the allegations contained in Counts I and IV of the Complaint fail to state a claim upon which relief may be granted as a matter of law, and should therefore be dismissed.[1]

## BACKGROUND

UNVA is a private educational institution with its principal place of business and main campus located in Manassas, Virginia. *See* Complaint at ¶1.[2] ACICS is a national accrediting agency that is recognized by the United States Department of Education to accredit institutions of higher education. *See* Complaint at ¶ 2. To that end, ACICS has adopted standards and procedures for accreditation, which are set forth in its *Accreditation Criteria*. *See* Complaint at ¶¶ 18, 19. In furtherance of its recognition, ACICS complies with all Department of Education procedural requirements and regulations applicable to accreditation agencies. *See* Complaint at ¶ 25.

UNVA was established in 1998, and obtained ACICS accreditation for the first time in April 2003. *See* Complaint at ¶¶ 6, 10. That initial grant of accreditation was to run through December 31, 2006. *See* Complaint at ¶ 29. In October 2005, UNVA began the process of applying for a new grant of accreditation. *See* Complaint at ¶ 30. At its meeting in August 2006, the ACICS Council considered UNVA's application for reaccreditation, and denied it. *See* Complaint at ¶ 32. UNVA appealed that decision, and its grant of accreditation was extended

---

[1] ACICS is filing contemporaneously herewith its Answer to Counts II and III of the Complaint. While ACICS denies all allegations of wrongdoing contained in the Complaint, it is only challenging Counts I and IV at this time by way of this Motion to Dismiss.
[2] ACICS does not admit the truth of any of the allegations contained in the Complaint, and citation to those allegations is purely for purposes of this Motion to Dismiss.

pending the appeal.  *Id.*

UNVA thereafter submitted documentation in furtherance of its appeal, and attended a hearing before a panel of the Council on November 29, 2006.  *See* Complaint at ¶ 33.  On appeal, ACICS extended UNVA's grant of accreditation again and placed the institution on probation to allow it additional time to come into compliance with the accreditation standards.  *See* Complaint at ¶ 34.  After an additional site visit by an evaluation team in May 2007, review of additional materials submitted by UNVA to the Council, and another hearing before the Council on August 3, 2007, the Council issued its decision to affirm the August 2006 denial of UNVA's application for reaccreditation.  *See* Complaint at ¶¶ 35 - 40, 54.

UNVA again appealed the Council's decision, this time to the Review Board.  *See* Complaint at ¶ 61.  The Review Board is a separate, independent appeals body that has been established to hear appeals of Council decisions by institutions such as UNVA.  *See* Complaint at ¶ 62.  UNVA was given a hearing before the Review Board, which then issued its decision, dated October 3, 2007, affirming the Council's denial of accreditation.  *See* Complaint at ¶ 68.

As demonstrated by the facts set forth above (which are taken from the allegations contained in the Complaint), UNVA was given over a year of process, from the initial denial in August 2006 to the final Review Board decision in October 2007, including two site visits, two hearings before the Council, and a hearing before the Review Board.  UNVA has nonetheless filed this suit asserting that it has been denied due process and that ACICS failed to follow its procedures.  Specifically, UNVA alleges that ACICS has not followed its own procedures regarding complaints about the institution and fees charged to it (Complaint at ¶¶ 10 - 13), that ACICS did not support UNVA in its efforts regarding "international partnerships," (Complaint at ¶¶ 14 - 16), and that ACICS did not follow proper procedures in connection with UNVA's

3

application for reaccreditation and its appeal of the denial thereof (Complaint ¶¶ 41 - 70). All of those allegations are without merit, and, specifically, the allegations contained in Counts I and IV of the Complaint fail to state a claim upon which relief may be granted as a matter of law.

## ARGUMENT

UNVA's Complaint contains four counts: (I) Breach of Contract/Violations By ACICS Of Its Own Rules During Its Relationship With UNVA; (II) Breach of Contract/Violations By ACICS Of Its Own Rules In Denying UNVA Accreditation; (III) Denial Of UNVA's Common Law Due Process Rights - Denial Of Accreditation; and (IV) Constitutional Due Process - Denial Of Accreditation. Although ACICS considers all of UNVA's claims to be without merit, Counts I and IV are fatally deficient on their face and are therefore subject to dismissal at this stage as a matter of law.

I.  Legal Standard

Pursuant to Rule 12(b)(6), a claim should be dismissed "if, after accepting all well-pleaded allegations in the plaintiff's complaint as true . . . it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Hatfill v. The New York Times Company, 2004 U.S. Dist. Lexis 27530, *11 - *12 (E.D.Va. 2004). In accepting as true the well-pleaded allegations of the complaint, the court need not accept the legal conclusions or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." Express Carwash of Charlottesville, L.L.L.P. v. City of Charlottesville, 320 F.Supp.2d 466, 470 (W.D.Va. 2004). In addition, while notice pleading requires generosity in interpreting a plaintiff's complaint, "generosity is not fantasy," and the court "must read the complaint as plaintiff writes it." Bender v. Suburban Hospital, Inc., 159 F.3d 186, 192 (4th Cir. 1998).

UNVA cannot prove any set of facts consistent with the allegations contained in Counts I

4

and IV of its Complaint that would entitle it to relief as a matter of law. Accordingly, those counts should be dismissed with prejudice in their entirety.

II.     Count I Of The Complaint Fails To State A Claim Over Which This Court Has Subject Matter Jurisdiction And Upon Which Relief May Be Granted

Count I of UNVA's Complaint raises allegations relating to ACICS's dealings with UNVA during the course of UNVA's accreditation. *See* Complaint at ¶ 73. Those allegations relate entirely to the manner in which ACICS follows its procedures and conducts itself as an accreditation agency. As such, those allegations relate to matters solely within the realm of the Secretary of the U.S. Department of Education's oversight authority over ACICS as a recognized accreditation agency and constitute an attempt at private enforcement of the requirements of the Higher Education Act of 1965, for which there is no private right of action, and thus are not properly before this Court. Accordingly, Count I should be dismissed with prejudice.

Accreditation is a process of peer review in which an institution applies for accreditation to an accrediting body which may accredit the institution for a period of time based on evaluation of the institution's compliance with a series of criteria. *See Peoria School of Business, Inc. v. Accrediting Council for Continuing Educ. & Training,* 805 F. Supp. 579 (N.D. Ill. 1992); *Parsons College v. North Cent. Ass'n of Colleges and Secondary Schools,* 271 F. Supp. 65, 73 (N.D. Ill 1967). Recognition of an accrediting agency by the Secretary of the U.S. Department of Education (the "Secretary") is important to the agency's ability to carry out its functions and to the ability of the institutions accredited by that agency to be able to participate in federal programs, such as federal student aid programs. *See* 20 U.S.C. 1099b. Accreditation by an agency recognized by the Secretary is only one factor in the Department of Education's determination of institutional eligibility to participate in certain federal student aid programs.

Recognition by the Secretary means there has been a finding that the agency is a reliable authority regarding the quality of education or training offered by a particular institution. *See* 34 C.F.R. § 602.1.  The Secretary's Recognition Procedures for National Accrediting Bodies are set forth in 34 C.F.R. § 602 *et seq.*, which regulations implement the requirements found in the Higher Education Act of 1965 ("HEA"), 20 U.S.C. § 1099b.  Pursuant to the HEA, to obtain recognition an accrediting agency must demonstrate, among other things, that:  (i) it has the ability and experience to operate as an accrediting agency; (ii) it consistently applies and enforces standards that ensure that courses or programs of instruction are of sufficient quality; (iii) its standards assess all aspects of the accredited institution, from its curriculum to its fiscal capacity; (iv) it conducts regular on-site inspections of the institutions accredited by it; and (v) it provides procedures throughout the accrediting process that comply with due process requirements.  *See* 20 U.S.C. § 1099b.  The statute and the regulations promulgated thereunder thus set forth specific and detailed requirements that must be consistently met by an accrediting agency in order to maintain its recognition.  There is no dispute that ACICS is, and has been since 1956, duly recognized pursuant to those requirements by the Secretary of Education.  *See* Complaint at ¶ 2.

The HEA provides that it is the Secretary's role to oversee accrediting agencies and to ensure their compliance with the HEA and its implementing regulations.  *See* 20 U.S.C. § 1099b(n).  Specifically, the HEA requires that the Secretary "conduct a comprehensive review and evaluation of the performance of all accrediting agencies or associations which seek recognition by the Secretary in order to determine whether such accrediting agencies or associations meet the criteria established by this section."  *Id.*  If the Secretary finds that an accrediting institution is not in compliance with the statutory and regulatory requirements, he

may take disciplinary action against the agency, including limiting, terminating, or suspending his recognition of the agency. *See* 20 U.S.C. § 1099b(l). The Secretary's recognition of an accrediting agency may not be for a period of more than 5 years, thus ensuring that the agency will be subject to continuous and on-going oversight and review by the Secretary in order to obtain re-recognition. *See* 20 U.S.C. § 1099b(d).

The statutory and regulatory scheme makes it clear, therefore, that oversight and review of accrediting agencies is to be performed exclusively by the Secretary of the U.S. Department of Education. The courts have confirmed this legislative intent by repeatedly finding that the HEA does not create a private right of action against an accrediting agency. *See, e.g., Thomas W. Cooley Law School v. The American Bar Association*, 459 F.3d 705, 710 - 711 (6th Cir. 2006); *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 - 1485 (9th Cir. 1995). As the *Cooley* Court stated, "[i]mplying a private right also would be contrary to the legislative scheme, as the statute explicitly provides for enforcement through an administrative action brought by the Secretary." *Cooley*, 459 F.3d at 711. Similarly, the *Parks School* Court concluded that "[t]he implication of a private cause of action would seriously undercut, rather than complement, the Secretary's enforcement powers." *Parks School*, 51 F.3d at 1485. There can be no doubt, therefore, that UNVA has no basis upon which to pursue the claims in Count I before this Court.

It is clear that Count I of the Complaint is nothing more than an effort to enforce requirements contained in the HEA which, as set forth above, are solely within the province of the Secretary of Education through the administrative procedures established in the statute. Count I refers to the allegations contained in paragraphs 13 and 14 of the Complaint, and a review of those paragraphs reveals that they fall directly within the scope of ACICS's functions as an accreditation agency. UNVA's allegations relate to the manner in which ACICS

7

investigated complaints it received about UNVA, the fees charged by ACICS in connection with UNVA's accreditation, the standards by which programs would be accredited, and recognition of UNVA's "international partnerships" in relation to obtaining accreditation for certain programs. *See* Complaint at ¶¶ 13 - 14.  Those allegations implicate areas that are specifically among those regulated by the Secretary as set forth in the HEA, including receipt of complaints (20 U.S.C. § 1099b(a)(5) & (6)), receipt of dues (20 U.S.C. § 1099b(b)(3)), and accreditation standards (20 U.S.C. 1099b(a)(5) & 1099b(c)).  UNVA's labeling of this count as "breach of contract" does not change the fact that the allegations themselves amount to an effort to privately enforce the requirements of the HEA, which tactic has been rejected by "nearly every court to consider the issue in the last twenty-five years."  *See Cooley*, 459 F.3d at 710 (citations omitted).

Moreover, the jurisdictional provision contained in the HEA makes it clear that the role of the federal courts is to review only decisions "involving the denial, withdrawal, or termination of accreditation."  *See* 20 U.S.C. § 1099b(f).  That limitation is consistent with the holdings by the courts that there can be no private right of action to enforce the recognition requirements of the HEA.  The purpose of the jurisdictional provision is to give federal courts exclusive jurisdiction over <u>accreditation</u> disputes, which are reviewed pursuant to common law due process principles.  *See Cooley*, 459 F.3d at 712.  UNVA has set forth those claims in Counts II and III of its Complaint, which are not the subject of this Motion to Dismiss.  In Count I, however, UNVA has raised allegations that do not go to the accreditation decision in this matter, but instead go to the method and manner in which ACICS operates as an accreditation agency.  Those allegations go to the oversight function of the Secretary of Education, and the courts have held that no private right of action exists to pursue those allegations and the jurisdictional provision of the HEA further clarifies that such matters are beyond the court's jurisdiction in accreditation cases.

Accordingly, Count I of the Complaint fails as a matter of law to state a claim upon which relief may be granted both because it purports to pursue claims for which there is no private right of action and because it raises claims that are beyond the court's jurisdiction as set forth in 20 U.S.C. 1099b(f).

III. <u>Count IV Of The Complaint Fails To State A Claim Upon Which Relief May Be Granted</u>

In Count IV of its Complaint, UNVA alleges a denial of Constitutional due process. *See* Complaint ¶¶ 84 -87. UNVA essentially asserts that, since the HEA applies to ACICS and since the Department of Education has oversight authority over ACICS pursuant to the recognition criteria, ACICS decisions constitute "state actions." *Id.* This argument, however, has been repeatedly rejected by courts that have considered the issue. Accordingly, Count IV of the Complaint should be dismissed with prejudice.

The allegations raised by UNVA have been raised and rejected since at least 1967 when the *Parsons College v. North Central Ass'n of Colleges and Secondary Schools*, 271 F.Supp. 65 (N.D.Ill. 1967) decision was issued. The *Parsons* Court first noted that the "constitutional guarantees control only the action of government." *Id.* at 70. The Court went on to state that "the fact that the acts of the Association in granting or denying accreditation may have some effect under governmental programs of assistance to students or colleges does not subject it to the constitutional limits applicable to government." *Id.* In *Peoria School of Business, Inc. v. Accrediting Council for Continuing Educ. and Training*, 805 F.Supp. 579 (N.D.Ill. 1992), the court rejected a similar argument as to an accrediting agency and noted that "the fact that an entity is subject to extensive and detailed regulation . . . does not alone render its actions attributable to the government." *Id.* at 582. More recently, this Court reaffirmed the

inapplicability of constitutional protections in accreditation decisions in *Emory College of Puerto Rico, Inc. v. Accrediting Council for Continuing Education & Training*, 1997 U.S. Dist. LEXIS 23487 (E.D.Va. 1997). The *Emory* Court held that although the accrediting agency was subject to extensive regulations, it was nonetheless a private, independent corporation and was not subject, therefore, to constitutional requirements. *See id.* at *8 - *9; *see also Western State University of Southern California v. American Bar Association*, 301 F.Supp. 2d 1129, 1133-1134 (C.D.Cal. 2004) (finding that accrediting agency is not state actor, so no claim for constitutional due process may proceed); *McKeesport Hospital v. The Accreditation Council for Graduate Medical Education*, 24 F.3d 519, 524 - 526 (3d Cir. 1994) (holding that denial of accreditation was not state action and could not therefore support claim of constitutional due process); *American Technical College v. Accrediting Council for Continuing Education & Training*, 1993 U.S. Dist. Lexis 2581 (N.D.Ill. 1993) (denying availability of claim of constitutional due process brought against accrediting agency); *Medical Institute of Minnesota v. National Association of Trade and Technical Schools*, 817 F.2d 1310, 1312-1314 (8th Cir. 1987) (holding that constitutional claims may not be pursued because there was no state action); *Transport Careers, Inc. v. National Home Study Council and Accrediting Commission*, 646 F.Supp. 1474, 1478 (N.D.Ind. 1986) (rejecting constitutional due process claims because there was no state action).[3]

It is clear from the cases set forth above that accrediting agencies are not subject to constitutional scrutiny. There are no factual allegations in the Complaint in this matter to suggest

---

[3] In its briefs in support of its motion for preliminary injunction, UNVA cites *Brentwood Academy v. Tennessee Secondary School Athletic Association*, 531 U.S. 288 (2001) on this point. That case is entirely inapplicable, however, because it does not involve a private, independent accrediting agency analogous to ACICS. More importantly, the Court in that case found that the overwhelming majority of the Association's members were public schools represented by public officials acting in their public capacity, and that public officials controlled the Association. *See id.* at 299 - 300. Accordingly, actions by an association controlled by public officials are clearly "state actions," and therefore give rise to

that ACICS is an arm of the government or is a form of governmental entity.  Rather, the only allegations are that ACICS is subject to governmental regulations and oversight by the Secretary of Education.  Those allegations do not change the fact that ACICS is a private, independent actor whose decisions do not constitute "state actions."  The analysis set forth in *Parsons, Peoria Schools, Emory College* and virtually every other decision that addresses this issue applies equally to this case and conclusively establishes that UNVA has no grounds upon which to pursue a constitutional due process claim.  Accordingly, Count IV of the Complaint should be dismissed with prejudice.

## CONCLUSION

The allegations contained in Count I of the Complaint constitute an improper effort to assert a private cause of action under the HEA and go beyond the jurisdictional limits of the Court.  The statute and cases are clear that those issues are reserved for enforcement by the Secretary of Education by way of the extensive administrative procedures established by the HEA.  Count IV of the Complaint asserts a constitutional due process claim against a private corporation whose decisions do not constitute state actions and cannot, therefore, be subject to constitutional scrutiny.  Accordingly, Counts I and IV of the Complaint fail to state claims upon which relief may be granted as a matter of law and should therefore be dismissed with prejudice.

WHEREFORE, for the reasons set forth herein, Defendant Accrediting Council for Independent Colleges and Schools respectfully requests that this Honorable Court grant its Motion and dismiss Counts I and IV of the Complaint with prejudice, award Defendant its costs for having to defend this matter, including reasonable attorney's fees, and award Defendant such other and further relief as the Court deems just and proper.

---

constitutional concerns.  There are no similar facts or allegations in this case.

Respectfully submitted,

**ACCREDITING COUNCIL FOR INDEPENDENT COLLEGES AND SCHOOLS**
By counsel

_____/s/ Michael C. Gartner_____
Michael C. Gartner, Esquire (Va. Bar No. 41463)
Kenneth J. Ingram, Esquire (Va. Bar No. 21293)
WHITEFORD, TAYLOR & PRESTON, LLP
3190 Fairview Park Drive, Suite 300
Falls Church, Virginia 22042
(703) 573-1217 (voice)
(703) 573-1287 (facsimile)
mgartner@wtplaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served through the Court's electronic filing system this 21st day of November, 2007 to:

R. Scott Caulkins, Esquire
Lee Goodman, Esquire
LeClairRyan
225 Reinekers Lane, Suite 700
Alexandria, Virginia 22314

_____/s/ Michael C. Gartner_____
Michael C. Gartner, Esquire (Va. Bar No. 41463)
WHITEFORD, TAYLOR & PRESTON, LLP
3190 Fairview Park Drive, Suite 300
Falls Church, Virginia 22042
(703) 573-1217 (voice)
(703) 573-1287 (facsimile)
mgartner@wtplaw.com
*Counsel for Defendant Accrediting Council for Independent Colleges and Schools*

1666